1   **RALPH R. RIOS, ESQ. 80585**
    **RIOS & RIOS**
2   **A Professional Law Corporation**
    **36 W. Colorado Blvd. Suite 301**
3   **Pasadena, CA 91105**
    **Telephone: (626) 583-1100**
4   **Facsimile: (626) 583-1475**

5

    Attorneys for PLAINTIFF
6   GUADALUPE FELIX

7

8                **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10                                    '07**CV** 2058     **LAB LSP**

11  GUADALUPE FELIX              )    CASE NO:
                                 )
12              Plaintiffs,      )    **COMPLAINT FOR DAMAGES:**
                                 )    **CIVIL RIGHTS VIOLATIONS (42**
13  v.                           )    **U.S.C. §1983)**
                                 )
14  UNITED STATES BORDER PATROL; )    **[DEMAND FOR JURY TRIAL]**
    DEPARTMENT OF HOMELAND       )
15  SECURITY; UNITED STATES BORDER)
    PATROL AGENT; MICHAEL ALLEN; )
16  BORDER PATROL AGENT STEPHEN  )
    STIPINSKI; UNITED STATES BORDER)
17  PATROL AGENT JOHN JAREQUI;   )
    BORDER PATROL AGENT JOSE     )
18  ORTIZ AND DOES 1-10;         )
                Defendants.      )
19                               )
                                 )
20                               )
                                 )
21                               )
                    **PRELIMINARY STATEMENT**
22
            PLAINTIFF individually by and through their attorneys, RALPH R. RIOS,
23
    Esq. for their complaint against the Defendants, state as follows against the
24
    Defendants jointly and severally.
25

26                         **INTRODUCTION**
27
28                    COMPLAINT FOR DAMAGES

1.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, by Plaintiffs for violations of their constitutional rights by the UNITED STATES BORDER PATROL, through its department and its employees U.S. BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT JOHN JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ   DOES 1-10

2.   Plaintiff alleges that on or about October 29, 2005, Plaintiff GUADALUPE FELIX while driving on Highway 78 was stopped by Defendant U.S. Border patrol agent Michael Allen. Defendant Allen asked if he could conduct a secondary search to which Plaintiff did not consent.   Defendant alleges that Plaintiff consented to the search.   Defendant Allen seized something that appeared to be drugs and at such time Plaintiff Felix attempted to flee the scene.

3.   During the attempted escape from seizure, Defendant Allen began shooting at the Plaintiff.   At such time Plaintiff put up his hands and stated, "okay, okay"however, Defendant Allen continued to fire at Plaintiff Felix. Defendant Allen shot at Plaintiff a total of seven times. Defendant Stypinkski, a second border patrol agent who was in the car behind the Plaintiff shot at Plaintiff a total of 10 times and that he likely shot Plaintiffs fingers off.  In addition to being shot seventeen times by these two agents alone, Defendant Jaurequi and Defendant Ortiz each shot once, for a total of 19 shots.

4.   Plaintiffs injuries include, reconstruction of fingers and the surgery to his feet and the reconstruction to his left arm. The Agents then proceed to cover up the shooting spree by meeting in a check point booth, apparently contriving  up

COMPLAINT FOR DAMAGES

- 2 -

1  their story, while cars drove through the check point destroying and moving
2  shell casing evidence.

3  3.    U.S. BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER
4  PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT
5  JOHN JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ violated
6  Plaintiffs constituted a violation of Plaintiffs' Federal Constitutional rights in
7  that at the time U.S. BORDER PATROL AGENTS  were acting both
8  separately and in concert, and under color of law. Plaintiffs was unarmed and
9  posed no threat or danger to any of the Defendants, any police officer or any
10  person. Additionally, U.S. BORDER PATROL AGENTS  attacked Plaintiff
11  GUADALUPE FELIX when he already had surrendered.  As PLANITFF
12  GUDALUPE FELIX surrendered the U.S. Border Patrol Agents continuously
13  shot him. The shots fired to FELIX had no legitimate purpose other than to
14  torture and humiliate plaintiff. U.S. BORDER PATROL AGENTS ALLEN,
15  STYPINSKI; JAUREQUI AND ORTIZ acted jointly and in concert when they
16  engaged in the shooting spree  of GUADALUPE FELIX.  Furthermore
17  immediately thereafter, and subsequently, U.S. BORDER PATROL AGENT
18  MICHAEL ALLEN; U.S. BORDER PATROL AGENT STEPHEN
19  STYPINSKI; U.S. BORDER PATROL AGENT JOHN JAUREQUI; U.S.
20  BORDER PATROL AGENT JOSE ORTIZ  conspired to conceal the truth as
21  to the circumstances under which Plaintiffs were beaten, tortured and
22  humiliated.

23  4.    Plaintiffs further contend that Defendants UNITED STATES BORDER
24  PATROL  are individually, jointly and severally liable for those violations of
25  PLAINTIFFS' constitutional rights, referenced above and below, in that U.S.
26  CORDER PATROL; U.S. BORDER PATROL AGENT MICHAEL ALLEN;

27
28                          COMPLAINT FOR DAMAGES

                                - 3 -

1  U.S. BORDER PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER
2  PATROL AGENT JOHN JAUREQUI; U.S. BORDER PATROL AGENT
3  JOSE ORTIZ   have:

4  (1) tolerated, condoned and encouraged a pattern of brutality and use of
5  excessive force by members of the UNITED STATES BORDER
6  PATROL (hereafter "USBP") against SAN DIEGO COUNTY
7  residents and others, in particular residents of the Hispanic community;
8  (2) systematically failed, for many years, to properly and adequately
9  monitor and investigate such incidents and to supervise and discipline
10  the officers involved, and;
11  (3) created an environment and culture in which officers and supervisors
12  are encouraged to engage in and to conceal the misconduct of other
13  officers resulting in the current situation in the USBP where officers
14  believe that they can violate with impunity the rights of persons such as
15  PLAINTIFFS;
16  (4) inadequately trained police officers with regard to proper restraint
17  and usage of firearms as weapons;
18  (5) inadequately selected, trained, monitored and supervised police
19  officers and police officer supervisors.

20

21  **JURISDICTION AND VENUE**

22  6.   This action is brought pursuant 42 U.S.C. §§ 1983, and the Fourth and
23  Fourteenth Amendments of the United States Constitution.  Jurisdiction is
24  founded on 29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the
25  aforementioned statutory and Constitutional provisions.

26  7.   Venue is proper in the Southern District of California.  All acts alleged herein

27

28  COMPLAINT FOR DAMAGES

- 4 -

1    occurred at Highway 78, San Diego County, California.

2

3

4                                            **PARTIES**

5    8.    At all times relevant hereto Plaintiff, GUADALUPE FELIX was residents of

6          the City of Salton Sea in the County of Imperial, California.

7    9.    Defendants U.S. BORDER PATROL AGENT MICHAEL ALLEN; U.S.

8          BORDER PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER

9          PATROL AGENT JOHN JAUREQUI; U.S. BORDER PATROL AGENT

10         JOSE ORTIZ   were, at all times relevant herein, officers for the UNITED

11         STATES BORDER PATROL. They are sued individually and in their official

12         capacity.

13   10.   Defendant U.S. HOMELAND SECURITY was, at all times relevant herein, the

14         DEPARTMENT FOR  the UNITED STATES BORDER PATROL, and was

15         and is responsible for, and the chief architect of, the policies, practices and

16         customs of USBP. as well as responsible for the hiring, screening, training,

17         retention, supervision, discipline, counseling and control of the police officers

18         and supervisors under his command. He is sued individually and in his official

19         capacity.

20   11.   At all times relevant herein, each of the individual Defendants herein were

21         acting under the color of state law in the course and scope of their duties and

22         functions as agents, servants, employees and officers of USBP, and otherwise

23         performed and engaged in conduct incidental to the performance of their

24         lawful functions in the course of their duties.  They were acting for and on

25         behalf of the USBP at all times relevant herein with the power and authority

26         vested in them as officers, agents and employees of the USBP. and incidental

27

28                                 COMPLAINT FOR DAMAGES

                                          - 5 -

1    to the lawful pursuit of their duties as officers, employees and agents of the
2    USBP.

3  12.    Defendant UNITED STATES BORDER PATROL is Federal entity created
4        and authorized under the laws of the United States of America. It is authorized
5        by law to maintain a police department which acts as its agent in the area of
6        law enforcement and for which it is ultimately responsible. UNITED STATES
7        BORDER PATROL    assumes the risks incidental to the maintenance of a
8        police force and the employment of police officers as said risk attaches to the
9        public consumers of the services provided by the UNITED STATES BORDER
10       PATROL At all times herein the Defendant Doe UNITED STATES BORDER
11       PATROL police officers  acted and was acting under color of law.

12 13.    At all times relevant herein, DOES 1 through 10, were police officers,
13       sergeants, captains, commanders, and/or civilian employees, agents and
14       representatives of the UNITED STATES BORDER PATROL and employees,
15       agents and representatives of the UNITED STATES BORDER PATROL . At
16       all times relevant hereto, said defendants were acting within the course and
17       scope of their employment as officers, sergeants, captains, commanders, and/or
18       civilian employees of the UNITED STATES BORDER PATROL, a
19       department and subdivision of defendant DEPARTMENT OF HOMELAND
20       SECURITY and at all times were acting with permission and consent of their
21       co-defendants.  Said defendants were specifically authorized by defendant
22       UNITED STATES BORDER PATROL to perform the duties and
23       responsibilities of sworn police officers, and all acts hereinafter complained of
24       were performed by them within the course and scope of their duties as peace
25       officers and officials for said defendant UNITED STATES BORDER
26       PATROL  and its police department. Said defendants are herein sued in their

27

28                    COMPLAINT FOR DAMAGES

                          - 6 -

1    individual capacities and in their official capacities as police officers,

2    sergeants, captains, commanders, supervisors, policy makers and/or as other

3    officers for the UNITED STATES BORDER PATROL and its police

4    department. Said defendants, and each of them, at all times relevant hereto,

5    were acting under color of law, to wit, under the color of the statutes,

6    ordinances, regulations, policies, customs, practices and usages of defendant

7    UNITED SATES BORDER PATROL, its police department, and the UNITED

8    STATES OF AMERICA .

9    14.    At all times relevant hereto, DOE defendants 6 through 10, inclusive, are and

10    were employees of the UNITED STATES BORDER PATROL  acting within

11    their capacity as employees, agents and servants of the defendant

12    DEPARTMENT OF HOMELAND SECURITY. Said defendants were at all

13    times alleged herein acting within the course and scope of that employment

14    and agency, and as duly appointed chief of police, and as the primary

15    policymakers of the UNITED STATES BORDER PATROL, with the authority

16    to develop, adopt, implement, rescind and abolish all policies, practices,

17    procedures and customs of the UNITED STATES BORDER PATROL .

18    15.    Plaintiff are ignorant of the true names and capacities of defendants sued

19    herein as DOES 1 through 10, inclusive, and therefore sue these defendants by

20    such fictitious names. PLAINTIFFS will amend this complaint to allege said

21    defendants' true names and capacities when ascertained. PLAINTIFFS are

22    informed and believe and thereon allege that each of the fictitiously named

23    defendants are responsible in some manner for the occurrences herein alleged,

24    and that PLAINTIFFS' injuries as herein alleged were proximately caused by

25    the acts and/or omissions of said fictitiously named defendants.

26    16.    At all times relevant to the present complaint, defendants DOES 1 through 10,

27

28    COMPLAINT FOR DAMAGES

inclusive were acting within their capacity as employees, agents, representatives and servants of defendant UNITED STATES BORDER PATROL , which is liable under the doctrine of respondeat superior pursuant to section 815.2 of the California Government Code.

## IV.

## FACTS COMMON TO ALL ACTIONS

17. Plaintiff alleges that on or about October 29, 2005, Plaintiff GUADALUPE FELIX while driving on Highway 78 was stopped by Defendant U.S. Border patrol agent Michael Allen. Defendant Allen asked if he could conduct a secondary search to which Plaintiff did not consent. Defendant alleges that Plaintiff consented to the search. Defendant Allen seized something that appeared to be drugs and at such time Plaintiff Felix attempted to flee the scene.

18. During the attempted escape from seizure, Defendant Allen began shooting at the Plaintiff. At such time Plaintiff put up his hands and stated, "okay, okay"however, Defendant Allen continued to fire at Plaintiff Felix. Defendant Allen states that he shot at Plaintiff a total of seven times. Defendant Stypinkski, a second border patrol agent who was in the car behind the Plaintiff claims that he shot at Plaintiff a total of 10 times and that he likely shot off Plaintiffs fingers off. In addition to being shot seventeen times by these two agents alone, Defendant Jaurequi and Defendant Ortiz each shot once, for a total of 19 shots.

19. Plaintiffs injuries include, reconstruction of fingers and the surgery to his feet

1     and the reconstruction to his left arm. The Agents then proceed to cover up the

2     shooting spree by meeting in a check point booth, apparently cooking up their

3     story, while cars drove through the check point destroying and moving shell

4     casing evidence.

5   20.   U.S. BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER

6     PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT

7     JOHN JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ

8     deliberately shot and caused injuries to GUADALUPE FELIX injuries to

9     Plaintiff's body. U.S. BORDER PATROL AGENT MICHAEL ALLEN; U.S.

10     BORDER PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER

11     PATROL AGENT

12   19.   UNITED STATES BORDER PATROL officers, including Defendants

13     attacked Plaintiff FELIX, shooting at the plaintiff and intentionally humiliated

14     plaintiffs. Plaintiff had surrendered and the USBP officers continued to shoot

15     him. Plaintiff FELIX was subjected to excessive force by one of the deputies

16     wherein he had to be seen by a medical doctor for his injuries to is feet and left

17     upper extremity. This shooting caused Plaintiff FELIX to pass out. Scene

18     Defendants continued mistreat plaintiff while he was handcuffed. Plaintiff

19     suffered gross humiliation, pain and abuse at the hands of Defendants,.

20     BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER PATROL

21     AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT JOHN

22     JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ , DOES 1-6 and

23     each of them engaged in a cover—up of their misconduct. In furtherance of

24     this cover—up, defendants prepared and filed knowingly false crime and

25     related police reports with the Attorney Generals office, designed to cause the

26     commencement of a groundless criminal prosecution and fraudulent criminal

27

28               COMPLAINT FOR DAMAGES

1 | conviction of plaintiff FELIX . Plaintiffs were forced to take their case to a
2 | jury to fight the groundless criminal charges. The case was tried and a jury
3 | found Plainitffs not guilty on or about September 2007 .
4 | 19. | The SCENE DEFENDANTS had no search warrant or permission to
5 | search Guadalupe Felix.
6 | 20. | There was no legal justification or excuse for the Defendants failure to obtain
7 | a search warrant prior to the shooting.
8 | 21. | The SCENE DEFENDANTS used excessive force in shooting over 18 times
9 |
10 | 22. | U.S.BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER
11 | PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT
12 | JOHN JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ used
13 | excessive force by shooting Plaintiff over 17 times.
14 |
15 | 23. | ALLEN then searched plaintiffs person without a warrant, consent, or exigent
16 | circumstances.
17 | 24. | All these acts and omissions took place with the knowledge and acquiescence
18 | of a supervisors named herein as DOE 6-10.
19 | 25. | Eventually, after invading the residence and terrorizing, shooting Plaintiff for
20 | an extended period of time, FELIX was arrested without probable cause.
21 | 26. | Plaintiff FELIX after being shot he needed immediate medical attention . He
22 | was deprived help and suffered extreme fear as a result of the USBP officer's
23 | actions.
24 | 27. | In the manner herein described, the defendants deprived the plaintiffs of
25 | their right to be free from unreasonable and warrant less searches and
26 | seizures, in violation of the Fourth and Fourteenth Amendments to the
27 |
28 | COMPLAINT FOR DAMAGES

1    United States Constitution.

2    28.  In the manner herein described, the defendants engaged in extreme and
3         outrageous behavior knowing that it probably would cause the plaintiffs to
4         suffer extreme emotional distress.

5    29.  As a proximate result of the defendant's actions described herein, the plaintiffs
6         suffered extreme emotional distress.

7    30.  At all times during the events described above, the SCENE DEFENDANTS
8         were engaged in a joint venture.  The individual officers assisted each other in
9         performing the various actions described and lent their physical presence and
10        support and the authority of their office to each other during the said events.

11   31.  Plaintiffs are informed and believe and thereon allege that U.S.BORDER
12        PATROL AGENT MICHAEL ALLEN; U.S. BORDER PATROL AGENT
13        STEPHEN  STYPINSKI;  U.S.  BORDER  PATROL  AGENT  JOHN
14        JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ and DOES 1-10
15        inclusive, intentionally, negligently and recklessly failed to use proper and
16        established police tactics regarding the stop, detention and arrest of plaintiff.
17        Instead said Defendants without regard to PLAINTIFFS' rights recklessly,
18        intentionally and negligently exacerbated and inflamed the incident by using
19        excessive force and shooting plaintiff over 17 times. .

20   32.  Within seconds of the the shooting , SCENE DEFENDANTS orchestrated a
21        cover up of the shooting and the reasons for the detention along with
22        Defendants USBP and DOES 6-10.

23   33.  As a direct and proximate result of the said acts of the defendant Officers,
24        the plaintiffs suffered the following injuries and damages:

25             a.    Violation of their constitutional rights under the Fourth and
26                   Fourteenth Amendments to the United States Constitution to be

27

28                          COMPLAINT FOR DAMAGES

free from unreasonable search and seizure of their person;

      b.    Loss of their physical liberty;

      c.    Physical pain and suffering and emotional trauma and suffering

.

34.   The actions of the SCENE DEFENDANTS violated the following clearly established and well settled federal constitutional rights of Plaintiffs:

      a.    Freedom from the unreasonable seizure of their person;

      b.    Freedom from the use of excessive, unreasonable and unjustified force against his person.

35.   This SHOOTING which was the result of the joint and concerted conduct of the SCENE DEFENDANTS, constituted the use of excessive force against Plaintiffs who had done nothing which could or should have allowed for or permitted the use of force.  As such, the SHOOTING  of Plaintiff was objectively unreasonable and constituted an unreasonable seizure within the meaning of the Fourth and Fourteenth Amendment and consequently, a violation of 42 U.S.C.§1983.

36.   PLAINTIFFS beating was a direct and proximate result of the aforementioned violations of rights conferred by the United States Constitution and the wrongful acts and omissions perpetuated by the SCENE DEFENDANTS, while acting  under color of law and pursuant to customs, policies and/or procedures all in violation of 42 U.S.C. §1983.

////

**FIRST COUNT/CAUSE OF ACTION**

**VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE**

**FROM UNREASONABLE SEARCHES AND SEIZURES**

[U.S.BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER PATROL

AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT JOHN

JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ **and DOES 1**

**THROUGH 5, INCLUSIVE]**

37. Plaintiffs, repeat and reallege each and every allegation contained in the foregoing paragraphs 1 through 22 as though fully set forth herein.

38. This first cause of action is brought under Title 42 U.S.C. SECTIONS 1983, 1985 and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution. pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution for the violation of the civil rights of PLAINTIFF.

39. On October 29, 2005, PLAINTIFF, possessed the rights, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and excessive force by police officers.

40. Plaintiffs are informed and believe and thereon allege that prior to ocotber 29, 2005, defendants UNITED STATES BORDER PATROL AND THE DEPARTMENT OF HOMELAND SECURITY, and DOES 1 THROUGH 5, inclusive, knew, or in the exercise of reasonable care, should have known of a history, propensity and pattern of USBP police officers, including, but not limited to U.S.BORDER PATROL AGENT MICHAEL ALLEN; U.S.

COMPLAINT FOR DAMAGES

BORDER PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT JOHN JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ, unlawfully searching without just cause, exigent circumstances or warrants, or use unreasonable, out-of-policy or unconstitutional police tactics to conduct investigations. Defendants knew, or in the exercise of reasonable care, should have known that employees of the USBP were responsible for engaging in the aforementioned acts. Prior to the shooting of plaintiff, the officers were the subject of prior complaints of allegations of similar conduct, and had been a defendant in federal and state courts alleged to have violated constitutional rights in the course and scope and under color of law of their capacities as USBP police officers. Prior to October 29, 2005, defendants UNITED STATES BORDER PATROL, and DOES 1 through 5, inclusive, knew, or in the exercise of reasonable care, should have known of a history, propensity and pattern, of USBP police officers, including, U.S. BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT JOHN JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ .

41. At said time, U.S.BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT JOHN JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ ,and DOES 1-5, and each of them, SHOT PLAINTIFF GUADALUPE FELIX without justification and thereby violated their rights under the Constitution of the United States, in particular the Fourth Amendment of the United States Constitution.

42. At the time of the shooting PLAINTIFF wwas unarmed and were not engaged in any assaultive or threatening behavior toward any defendant or any other

COMPLAINT FOR DAMAGES

- 14 -

1    person or persons.

2    43.    The wild shooting by U.S. BORDER PATROL AGENT MICHAEL ALLEN;

3    U.S. BORDER PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER

4    PATROL AGENT JOHN JAUREQUI; U.S. BORDER PATROL AGENT

5    JOSE ORTIZ was entirely unjustified by any actions of PLAINTIFF and

6    constituted an unreasonable and excessive use of force.

7    44.    Said defendants, and each of them, acted specifically with the intent to deprive

8    PLAINTIFF of the following rights under the United States Constitution:

9        a.    Freedom from unreasonable seizures, in the form of the use of

10            excessive force,

11        b.    Freedom from a deprivation of liberty without due process of law;

12        c.    Freedom from summary punishment; and

13        d.    Right to be provided prompt and timely medical and or other

14            attention while under custody;

15    45.    After being shot and tortured by said defendants, PLAINTIFF suffered injuries

16    to their persons.

17    46.    After inflicting the injuries and wounds on PLAINTIFF said defendants

18    deliberately denied prompt and necessary medical attention to PLAINTIFFS

19    thereby also violating their right to due process under the Fourteenth

20    Amendment of the U.S. Constitution.

21    47.    Said defendants and each of them, subjected PLAINTIFFS to the

22    aforementioned deprivations by either actual malice or deliberate indifference

23    and disregard of their civil rights.

24    48.    Said defendants, and each of them, acted at all times herein knowing full well

25    that the established practices, customs, procedures and policies of the UNITED

26    STATES BORDER PATROL and the DEPARTMENT OF HOMELAND

27

28            COMPLAINT FOR DAMAGES

- 15 -

1     SECURITY would allow a cover-up and allow the continued use of illegal

2     force in violation of the Fourth Amendment of the Constitution of the United

3     States and the laws of the State of California.

4  49.   As a direct and proximate result of the aforementioned acts of said defendants,

5     and each of them, PLAINTIFF suffered injuries to his body.

6  50.   The aforementioned acts of said defendants, and each of them, were willful,

7     wanton, malicious and oppressive thereby justifying the awarding of

8     exemplary and punitive damages as to each of these individual defendants.

9

10

11          **SECOND COUNT/CAUSE OF ACTION**

12  **FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS**

13  [U.S.BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER PATROL

14    AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT JOHN

15     JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ , **DOES 1**

16  **THROUGH 5 INCLUSIVE, INDIVIDUALLY AND AS OFFICERS OF THE**

17        **OF THE UNTIED STATES BORDER PATROL  ]**

18  51.   Plaintiff s  repeat and reallege each and every allegation of the foregoing

19     paragraphs above,  as though fully set forth herein.

20  52.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth

21     Amendment of the United States Constitution, for violation of the procedural

22     and substantive due process rights of plaintiff GUADALUPE FELIX.

23  53.   On OCTOBER 29, 2005, at the time and place alleged above herein,

24     U.S.BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER

25     PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT

26     JOHN JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ  and

27

28             COMPLAINT FOR DAMAGES

1    DOES 1 through 5, inclusive, were present at the immediate scene of the

2    SHOOTING of PLAINTIFF, and said defendants were in the position and

3    authority to lawfully intervene in and prevent the unjustified and unwarranted

4    false arrest, and infliction of emotional distress  of PLAINTIFF and were

5    compelled to do so under the laws of the STATE OF CALIFORNIA   and

6    under the Constitution of the United States of America.

7  54.  At said date and location, in deliberate indifference to the life, health and

8    constitutional rights of PLAINTIFFS, said defendants intentionally and with

9    deliberate indifference to the civil rights of PLAINTIFFS, refrained from

10    intervening in said unlawful seizure and beating and further failed to intervene

11    in the failure to provide medical care to PLAINTIFFS which occurred after the

12    beating.

13  55.  As a result thereof, PLAINTIFFS were unlawfully and unjustifiably arrested,

14    beaten and imprisoned in violation of their rights under the Fourth and

15    Amendments of the Constitution of the United States of America.

16

17

18    **THIRD COUNT/CAUSE OF ACTION**

19    **MUNICIPAL LIABILITY FOR VIOLATION**

20    **OF CONSTITUTIONAL RIGHTS**

21  **[AS TO DEFENDANTS UNITED STATES BORDER PATROL  AND DOES**

22    **6 THROUGH 10, INCLUSIVE]**

23  56.  Plaintiffs,  repeats and realleges each and every allegation of the foregoing

24    paragraphs 1 through 34 as though fully set forth herein.

25  57.  This action is brought pursuant to 42 U.S.C. §1983 and the Fourth Amendment

26    of the U.S. Constitution.

27

28    COMPLAINT FOR DAMAGES

- 17 -

58.   On or before and on October 29, 2005, 2005, PLAINTIFFS possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and excessive force by UNITED STATES BORDER PATROL officers, and PLAINTIFFS also had the right to be provided with reasonable medical attention while in the custody and control of a police agency such as the Department.

59.   On said date, SCENE DEFENDANTS, and each of them, acting within the course and scope of their duties as peace officers of the UNITED STATES BORDER PATROL, deprived PLAINTIFF of their rights to be free from unreasonable seizures, excessive force, and searches, and to be provided with reasonable medical attention and care, when said defendants unreasonably and without justification beat plaintiffs, and intentionally withheld prompt medical attention and/or deliberately denied them emergency medical attention as delineated in detail above.

60.   At the time of these constitutional violations by SCENE DEFENDANTS, the UNITED STATES BORDER PATROL and DOES 6 through 10, inclusive, had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments use excessive and deadly force against unarmed suspects.   These policies, customs, practices, also called for or permitted the unreasonable or excessive use of force against Latino and minority suspects.

61.   Said policies, procedures, customs and practices also called for the DEPARTMENT OF HOMELAND SECURITY and its USBP Department not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints, of excessive

COMPLAINT FOR DAMAGES

- 18 -

force, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and the giving of false testimony in trial to cover-up and conceal such wrongful conduct by officers of the UNITED STATES BORDER PATROL to fail to objectively and/or independently investigate or in any way deal with or respond to claims and lawsuits made as a result of such misconduct.

62. Said policies, procedures, customs and practices called for and led to the refusal of said defendants to investigate complaints of previous incidents of excessive force, wrongful arrest of such persons, the filing of false police reports to conceal such misconduct, the falsification of evidence and perjury and, instead, officially claim that such incidents were justified and proper.

63. Said policies, procedures, customs and practices called for said defendants, and each of them, by means of inaction and coverup, to encourage an atmosphere of lawlessness within the police department and to encourage their police officers to believe that excessive force against suspects, including members of minority groups, was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

64. Said policies, procedures, customs and practices evidenced a deliberate indifference to the violations of the constitutional rights of the present plaintiffs. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said defendants their of indistinguishably similar incidents, and of falsification of evidence, evidence tampering, submission of false police reports and perjury.

65. Deliberate indifference to the civil rights of minority groups and other victims

COMPLAINT FOR DAMAGES

- 19 -

1      of the UNITED STATES BORDER PATROL 's excessive force was also
2      evidenced by said defendants failure to train or retrain officers in proper, safe
3      and constitutional requirements regarding the provision of medical services to
4      those persons shot by officers of the USBP.  Said defendants knew and were
5      aware of the custom and practice within the USBP to permit suspects beaten
6      by officers of the USBP  to suffer extreme pain,  bleed to death or otherwise
7      die from the lack of medical care after a beating.

8   66.   Deliberate indifference to the civil rights of minority groups and other victims
9       of  the UNITED STATES BORDER PATROL's excessive force was also
10      evidenced by said defendants by their ignoring of the history and pattern of
11      prior civil lawsuits alleging civil rights violations and the related payment of
12      judgments to suspects or the families of suspects who were the victims of
13      excessive force.

14  67.   Deliberate indifference to the civil rights of minority groups and other victims
15      of  the UNITED STATES BORDER PATROL  Department's excessive was
16      also evidenced by customs and practices to be in place, that existed in the Los
17      Angeles Sheriff's Department. In particular  an environment and atmosphere
18      which condoned unjustified and unreasonable police force, falsification of
19      evidence, evidence tampering, submission of false police reports, perjury and
20      the cover-up of officer involved use of force incidents.

21  68.   Deliberate indifference is also evidenced by maintenance of an inadequate
22      system of use-of-force tracking, government claim/lawsuit tracking, and an
23      independent system of officer discipline.

24  69.   Deliberate indifference to the civil rights of minority groups and other victims
25      of the USBP's excessive force was also evidenced by the failure to identify and
26      investigate instances of excessive force against suspects, improper use of
27
28                    COMPLAINT FOR DAMAGES

1    firearms, falsification of evidence, submission of false police reports and
2    perjury, and by the failure of by said defendants to adequately train and more
3    closely supervise or retrain officers and/or discipline or recommend
4    prosecution of those officers who in fact improperly used excessive force
5    against suspects, falsified evidence, tampered with evidence, submitted false
6    and misleading police reports, and/or committed perjury.

7    70.    Other systemic deficiencies of said defendants which indicated, and continue
8    to indicate, a deliberate indifference to the violations of the civil rights by the
9    officers of the USBP include:

10    a.    the regular and systemic preparation of investigative reports by officers,
11    sergeants, and other supervisors designed to vindicate the use of force
12    and firearms against suspects regardless of whether such use was
13    justified;

14    b.    the regular and systemic preparation of investigative reports which
15    uncritically rely solely on the word of USBP officers involved in the
16    use-of-force incidents and which systematically fail to credit testimony
17    by non-officer witnesses;

18    c.    the regular and systemic preparation of investigative reports related to
19    incidents involving excessive force which omit factual information and
20    physical evidence which contradicts the accounts of the officers
21    involved;

22    d.    the regular and systemic issuance of public statements exonerating
23    officers involved in such incidents prior to the completion of
24    investigations of the use-of-force;

25    e.    the regular and systemic failure to objectively and independently review
26    investigative reports by responsible superior officers for accuracy or

27

28    COMPLAINT FOR DAMAGES

- 21 -

1                   completeness and acceptance of conclusions which are unwarranted by

2                   the evidence of the use-of-force or which contradict such evidence; and,

3     f.    the regular and systemic failure to maintain centralized department-wide

4                   system for the tracking and monitoring of the use of excessive force,

5                   citizens' complaints, government tort claims, abuse of authority, and

6                   race-based misconduct by individual officers so as to identify those

7                   officers who engage in a pattern of excessive force, abuse of police

8                   authority and police misconduct.

9  71.   Said defendants also maintained a system of grossly inadequate training

10       regarding the use of force, and regarding the training for police testimony in

11       trial as well as the collection of evidence, and the preparation of police reports.

12  72.   Deliberate indifference to the civil rights of suspects and other victims of the

13       USBP's excessive force was also evidenced by said defendants' failure to

14       implement an officer discipline system which would conduct meaningful and

15       independent investigations of officer use of force incidents and of citizen

16       complaints of falsified evidence, evidence tampering, authoring and filing of

17       false and misleading police reports, and the presentation of false testimony at

18       trial.

19  73.   The foregoing acts, omissions, and systemic deficiencies are policies and

20       customs  of defendants UNITED STATES BORDER PATROL DOES 6

21       through 10, inclusive, caused defendants DOES 1 through 5, inclusive, to be

22       unaware of, or intentionally overlook and ignore, the rules and laws governing

23       the permissible use of force, including the use of force against suspects, the

24       falsification of evidence or the tampering with evidence, the submission of

25       false police reports and the commission of perjury in a criminal trial.

26  74.   The foregoing acts, omissions, and systemic deficiencies are policies and

27

28                        COMPLAINT FOR DAMAGES

1    customs of said defendants and such caused, permitted and/or allowed under

2    official sanction defendants DOES 1 through 5, inclusive, to believe that their

3    use of firearms and police force against suspects is entirely within the

4    discretion of the officer and that improper and unlawful use of force, evidence

5    falsification, filing of false and misleading police reports, and the commission

6    of perjury would not be objectively, thoroughly and/or properly investigated,

7    all with the foreseeable result that defendants officers would use deadly force

8    in situations where such force is not necessary, reasonable or legal, and falsify

9    evidence, submit false and misleading police reports, and commit perjury, and

10    thereby violate the civil rights of the citizens of this state with whom said

11    officers would come into contact with.

12    75.    As a result of the aforementioned acts, omissions, systematic deficiencies,

13    policies, procedures, customs and practices of said defendants, PLAINTIFF

14    was shot, humiliated and tortured by SCENE DEFENDANTS, DOES 1

15    through 5, inclusive, and said SCENE defendants developed and implemented

16    a plan to cover-up, threaten and falsely accuse plaintiffs of assaulting or

17    making threatening gestures toward said officers to justify their use of

18    excessive and deadly force against them.

19    76.    As a direct and proximate result of the aforementioned acts alleged herein,

20    PLAINTIFFS suffered physical and emotional damages which caused them

21    serious injuries, and were denied prompt and necessary medical attention.

25    ///

28    COMPLAINT FOR DAMAGES

**FOURTH COUNT/CAUSE OF ACTION**

**CONSPIRACY TO CONCEAL THE VIOLATION**

**OF PLAINTIFFS' CONSTITUTIONAL RIGHTS**

[AS TO U.S.BORDER PATROL AGENT MICHAEL ALLEN; U.S. BORDER

PATROL AGENT STEPHEN STYPINSKI; U.S. BORDER PATROL AGENT

JOHN JAUREQUI; U.S. BORDER PATROL AGENT JOSE ORTIZ , **DOE**

**DEFENDANTS 1 THROUGH 10, INCLUSIVE]**

77.Plaintiffs repeat and reallege each and every allegation above as though fully set forth herein.

78.This action is brought pursuant to 42 U.S.C. §1983 for the violation of PLAINTIFFS' rights under the Fourth and/or Fourteenth Amendments of the United States Constitution.

79.On or about October 29, 2005, at the time and place alleged above herein, defendants, Michale Allen and Stephen Stypinski, and SCENE DEFENDANTS, individually and as officers of the UNITED STATES BORDER PATROL, and each of them, conspired together to act and to fail and omit to act as hereinbefore alleged, for the purpose of impeding, hindering, obstructing, and defeating the due course of justice in the UNITED STATES FEDERAL COURT  and the investigation of the SHOOTING of PLAINTIFF, for the purpose of concealing and covering-up constitutional violations alleged above, and for the purpose denying PLAINTIFF' their Fourth Amendment rights.

80.Defendants, Michael Allen and Stephen Stypinski, and SCENE DEFENDANTS, and each of them, along with other co-conspirators purposefully, under color of law, planned and intended to deny Plaintiffs the equal protection of the laws and injure them in the following respects:

COMPLAINT FOR DAMAGES

- 24 -

1      a. to deny PLAINTIFFS the right to be free from unreasonable seizures by the

2      infliction of excessive force through an unjustified and unreasonable beating,

3      torture and humiliation intended to inflict physical punishment upon plaintiffs;

4  b.      to deny PLAINTIFFS the right not to be deprived of life and liberty without

5              due process of law;

6      c. to deny PLAINTIFFS the right against cruel and unusual punishment;

7  81. By virtue of the foregoing, said defendants and two or more of them, conspired

8      for the purpose of depriving PLAINTIFFS equal protection of the laws and of

9  equal protection and immunities under the law; and, preventing and hindering the

10      constituted authorities, including but not limited to the UNITED STATES

11      FEDERAL COURT AND  Attorney General, the State of California and the

12      Federal Bureau of Investigation from giving and securing PLAINTIFF equal

13  protection of the law and preventing deprivation of liberty and property without

14              due process of law.

15  82. Said defendants, and each of them, did and caused to be done, an act or acts in

16      furtherance of the object of the conspiracy, as enumerated above, whereby

17  PLAINTIFFS were deprived of the rights and privileges as set forth above.  These

18      acts included the said defendants fraudulently and unlawfully claiming that

19      PLAINTIFFS had assaulted them or made threatening gestures toward them,

20  authoring and filing false police reports in violation of P.C. §118.1 to conceal and

21      justify said misconduct/use of excessive force, knowingly approving such false

22  reports, and giving false and deliberately misleading and perjurious statements to

23  investigators and preventing PLAINTIFFS from gathering information related to

24  the events for the purpose of concealing information  regarding the unlawful and

25              unjustified beating of plaintiffs.

26      83. By virtue of the foregoing, said defendants, and each of them, violated the

27

28                 COMPLAINT FOR DAMAGES

1                               procedural

2 and substantive due process rights of PLAINTIFFS and violated plaintiffs rights

3                      under the Fourteenth Amendment.

4        84.Notwithstanding the duties owed to PLAINTIFFS, these defendants, and

5         each of them,  with deliberate indifference to the constitutional rights of

6 PLAINTIFFS, failed and refused to prevent the wrongs conspired to be committed

7             against them, despite their ability and duty to do so.

8        85.As a direct and proximate result of the foregoing, PLAINTIFFS has been

9 damaged  as recited herein above in, entitling him to special, general and punitive

10                   damages and attorneys fees.

11    · 86.The aforementioned acts of defendants , and SCENE DEFENDANTS, was

12     willful, wanton, malicious and oppressive thereby justifying the awarding of

13           exemplary and punitive damages as to said defendants.

14

15

16

17

18                           <u>PRAYER</u>

19 WHEREFORE, PLAINTIFFS for each and every cause of action above, demand

20      the following relief, jointly and severally, against all the defendants;

21   a) Compensatory general and special damages in an amount in accordance with

22                       proof;

23   b) Reasonable attorneys' fees and expenses of litigation, including those fees

24            permitted by 42 U.S.C. §1988.

25           d) Costs of suit necessarily incurred herein;

26          e)Prejudgment interest according to proof; and

27

28               COMPLAINT FOR DAMAGES

1    f) Such further relief as the Court deems just or proper.

2    Dated: October 29, 2007                 RIOS & RIOS
3                                            A Professional Law Corporation

4                                            By:
5                                                RALPH R. RIOS
                                                 Attorneys for PLAINTIFF,

6                                            Guadalupe Felix

7    **DEMAND FOR JURY TRIAL**

8    PLAINTIFFS request that the present matter be set for jury trial.

9

10   Dated: October 29, 2007                 RIOS & RIOS
11                                           A Professional Law Corporation

12                                           By:
13                                               RALPH R. RIOS

14                                           Attorneys for PLAINTIFF, GUADALUPE FELIX

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          COMPLAINT FOR DAMAGES

SJS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Guadalupe Felix

**DEFENDANTS**    2007 OCT 29 PM 3:54

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff    Imperial County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Imperial County
(IN U.S. PLAINTIFF CASES ONLY)    BY DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ralph R Rios 36 W. Colorado Blvd. Suite 301 Pasadena, CA 91105

Attorneys (If Known)

**'07 CV 2058    LAB LSP**

**"BY FAX"**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
1983 Civil Rights    42 U.S.C. 1983
Brief description of cause:
Complaint for Damages

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE    DOCKET NUMBER

DATE
10/29/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 14584  AMOUNT $350  APPLYING IFP  10/29/07  JUDGE    MAG. JUDGE

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 143821    — KD

## October 29, 2007
## 15:58:23

## Civ Fil Non—Pris
USAO #.: 07CV2058
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC 003310


## Total—>   $350.00


FROM: CIVIL FILING
       FELIX V. BORDER PATROL, ET AL