```
 1  KAREN P. HEWITT
    United States Attorney
 2  RICHARD TOLLES
    Assistant U.S. Attorney
 3  California State Bar No. 078948
    U.S. Attorney's Office
 4  Federal Office Building
    880 Front Street, Room 6293
 5  San Diego, California 92101-8893
    Telephone:  (619) 557-7479
 6
    Attorneys for Federal Defendants
 7
                         UNITED STATES DISTRICT COURT
 8
                       SOUTHERN DISTRICT OF CALIFORNIA
 9
10  GUADALUPE FELIX,              )   Case No. 07cv2058 LAB(LSP)
                                  )
11              Plaintiff,        )
                                  )
12         v.                     )
                                  )
13  UNITED STATES BORDER PATROL,  )
    et al.,                       )   DATE: September 2, 2008
14                                )   TIME: 11:15 a.m.
                Defendants.       )   CTRM: 9
15  _____)

16

17        MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

18                         MOTION TO DISMISS
```

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . ii - iv

I INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

   A.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . 2

   B.   SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . 4

II ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   A.   SERVICE IS DEFICIENT UNDER FED. R. CIV. P. 4 . . . . . . 4

       1.  Service and Jurisdiction . . . . . . . . . . . . . . 4

       2.  Manner of Service on Federal Agencies and Individual Officers . . . . . . . . . . . . . . . . . . . . . . 4

       3.  Time For Service . . . . . . . . . . . . . . . . . . 6

       4.  Service Deficiencies: Agency Defendants . . . . . . 6

       5.  Service Deficiencies: Officer Defendants . . . . . . 6

   B.   DISMISSAL IS PROPER UNDER FED. R. CIV. P. 4(m) . . . . . 8

       1.  Good Cause Requirement . . . . . . . . . . . . . . . 8

       2.  Actual Notice Requirement . . . . . . . . . . . . . 10

       3.  Neither Good Cause Nor Timely Actual Notice Can Be Shown . . . . . . . . . . . . . . . . . . . . . . . . 10

       4.  Discretionary Extension . . . . . . . . . . . . . . 12

   C.   SUIT AGAINST THE AGENCY DEFENDANTS IS BARRED IN ANY EVENT 14

III CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 15

TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| Action Apartment Association v. Santa Monica Rent Control Board, 509 F.3d 1020, 1026 (9th Cir. 2007) | 2 |
| Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) | 4,5,7 |
| Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) | 9 |
| Bloomfield v. County of Imperial, 2008 WL 45795 | 12 |
| Bonita Packing Co. V. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal. 1995) | 7 |
| Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984) | 10,12 |
| Boudette v. Barnett, 923 F.2d 754, 756 (9th Cir. 1991) | 10,11,12 |
| Bruns v. National Credit Union Administration, 122 F.3d 1251 | 15 |
| City of Whittier v. U.S. Dept. of Justice, 598 F.2d 561, 562 (9th Cir. 1979) | 15 |
| Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) | 7,9, 10 |
| Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) | 12, 13 |
| Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 484, 486 (1994) | 15 |
| Fimbres v. United States, 833 F.2d 138, 139 (9th Cir. 1987) | 9,10,11, 12 |
| Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987) | 9,10,11, 12 |
| Hill v. United States, 571 F.2d 1098, 1101 (9th Cir. 1978) | 14 |
| In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) | 8,9,10,11,12,13 |

TABLE OF AUTHORITIES CONT.

Jackson v. Hayakawa,
    682 F.2d 1344, 1347 (9th Cir. 1982)      4

Kersh v. Derozier,
    851 F.2d 1509, 1512 (5th Cir. 1988)      11

Midwest Growers Co-op v. Kirkemo,
    533 F.2d 455, 465 (9th Cir. 1976)      14

Navy, Marshall & Gordon v. U.S. International Dev. Agency,
    557 F. Supp. 484, 490 n.7 (D.D.C. 1983)      10

Petrucelli v. Bohringer,
    46 F.3d 1298, 1307 (3d Cir. 1995)      12

Puett v. Blanford,
    912 F.2d 270, 276 (9th Cir. 1990)      9,11

Reynolds v. United States,
    782 F.2d 837, 838 (9th Cir. 1986)      9,11

Saucier v. Katz,
    533 U.S. 194, 201 (2001)      14

Thompson v. United States,
    592 F.2d 1104, 1107 (9th Cir. 1979)      14

Townsel v. County of Contra Costa, California,
    820 F.2d 319, 320 (9th Cir. 1987)      9,11

U.S. For Use and Benefit of DeLoss v. Kenner General,
    764 F.2d 707, 710 (9th Cir. 1985)      9,12

United States v. Mitchell,
    445 U.S. 535, 538 (1980)      14

United States v. Sherwood,
    312 U.S. 584, 586-87 (1941)      14

United States v. Testan,
    424 U.S. 392, 399 (1976)      14

Vasquez v. North County Transit District,
    292 F.3d 1049, 1061 (9th Cir. 2002)      14

Wei v. Hawaii,
    763 F.2d 370, 372 (9th Cir. 1985)      9,10,11,12

Western Center For Journalism v. Cederquist,
    235 F.3d 1153, 1156 (9th Cir. 2000)      2

TABLE OF AUTHORITIES CONT.

### State Cases

Bein v. Brechtel-Jochim Group, Inc.,
    6 Cal.App.4th 1387, 1391 (1992)     7

Sternbeck v. Buck, 148 Cal.App.2d 829, 832 (1957)     7

### Statutes

42 U.S.C. § 1983     1

807 F.2d 1514 (1987)     5

### Rules

9th Cir. 1997     14

Fed. R. Civ. P. 4     2, 4, 11, 14

Fed. R. Civ. P. 4(c)(i)     14

Fed. R. Civ. P. 4 (j)     11

Fed. R. Civ. P. 4(a)(1)(B)     7

Fed. R. Civ. P. 4(d)(1)     10

Fed. R. Civ. P. 4(e)(2)(A)(C)     7, 9, 10

Fed. R. Civ. P. 4(m)     7, 12, 13, 14

Federal Rules in 1983     13

Federal Rules of Civil Procedure Rule 4     6, 7

Cal. Code Civ, Proc § 415.20(b)     7

KAREN P. HEWITT
United States Attorney
RICHARD TOLLES
Assistant U.S. Attorney
California State Bar No. 078948
U.S. Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7479

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE FELIX, | Case No. 07cv2058 LAB(LSP) |
| Plaintiff, | |
| v. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS |
| UNITED STATES BORDER PATROL, et al., | DATE: September 2, 2008 |
| | TIME: 11:15 a.m. |
| Defendants. | CTRM: 9 |

I

INTRODUCTION

This is a damages action against four United States Border Patrol Agents (Michael Allen, Stephen Stypinski, John Jaurequi and Jose Ortiz) who are sued in their individual capacities under 42 U.S.C. § 1983.[1] Complaint, ¶¶ 1, 9. Plaintiff alleges that Defendants shot him on October 29, 2005, as he "attempted to flee" during a "secondary search" for drugs at a checkpoint on "Highway 78." Complaint, ¶¶ 17-18.[2] The United States Border Patrol and the Department of Homeland

---

[1] Federal officers may not be sued under 42 U.S.C. § 1983. Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987); compare Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (recognizing right of action directly under the Fourth Amendment).

[2] Plaintiff thereafter pled guilty to drug charges, but was
(continued...)

1  Security are also named as defendants.  Dismissal is proper due to the
2  failure to serve Defendants within the period allowed by law, and
3  because the agency Defendants are immune from suit.

4      A.  PROCEDURAL HISTORY

5      The complaint was filed October 29, 2007, and a summons was
6  issued.[3/]  See Ex 1 (Docket Sheet).  No returns of service were filed,
7  and, on April 4, 2008, the Court ordered Plaintiff to show cause why
8  the complaint should not be dismissed in accordance with
9  Fed. R. Civ. P. 4 and Civil Local Rule 4.1.  Ex. 2 (Order of April 4,
10 2008).  Plaintiff was given until April 25, 2008 to file a responsive
11 declaration.  Id.

12     On April 28, 2008, Plaintiff's counsel late-filed a declaration
13 which claimed that counsel "inadvertently failed to effectuate service
14 on Defendants in this case.  The failure was due to the mistaken
15 belief that the case was out for service when in fact it never had
16 been processed for service".  Ex. 3, ¶ 2.  Counsel's declaration
17 represented that "the file is currently out for service...and we
18 expect a Proof of Service of Summons and Complaint to be filed with
19 the court no later than Tuesday, April 29, 2008."  Id., ¶ 4.
20 //
21 //
22 //

---

[2/](...continued) acquitted of other criminal charges at trial.  See Docket Sheet, U.S.A. v. Felix, Case No. 05cr2200(JAH), Entries 84 and 113.

[3/]  Plaintiff filed suit on the last day of the two-year limitations period of Cal. Code Civ. P. 335.1, formerly section 340(3).  The state personal injury statute of limitations applies in section 1983 and Bivens cases.  See Action Apartment Association v. Santa Monica Rent Control Board, 509 F.3d 1020, 1026 (9th Cir. 2007) (section 1983 case); Western Center For Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000) (Bivens case).

1   On May 7, 2008, the Court "accept[ed] Mr. Rios' explanation as
2 a showing of good cause ... and accordingly discharg[ed] the OSC."
3 Ex. 4 (Order of May 7, 2008). The Order set May 12, 2008 as the
4 deadline for counsel to file a proof of service. Id.

5   On May 8, 2008, counsel for Border Patrol was notified of the
6 suit by the U.S. Attorney's Office, which had been served on
7 April 28, 2008. Exs. 5, 12. On or after May 8, 2008, the individual
8 Defendants were notified of the suit for the first time. Exs. 6-9,
9 ¶¶ 3-4. By May 8, 2008, some six months had elapsed since suit was
10 filed. To date, the individual Defendants have never been served
11 with a summons and complaint. Exs. 6-9, ¶ 2.

12   On May 12, 2008, Plaintiff filed a proof of service on the United
13 States Attorney's Office. Ex. 10. On May 13, 2008, Plaintiff late-
14 filed a proof of service reflecting service that day on the Department
15 of Homeland Security. Ex. 11.

16   On May 19, 2008, Plaintiff served the United States
17 Attorney General. Ex. 12, ¶ 5. Thereafter, on June 2, 2008, a
18 process server delivered four copies of Plaintiff's complaint and
19 summons, left blank as to whom directed, to Border Patrol Agent (BPA)
20 Gary Ortega (who is not a defendant) at the Indio Border Patrol
21 Station. See Ex. 13, ¶¶ 1-2 (Ortega Declaration); Ex. 14, ¶ 4 (Brett
22 Declaration and attached summons). The process server requested BPA
23 Ortega to deliver the documents to Supervisory Border Patrol Agent
24 Ramiro Mendez, who in turn brought them to Supervisor William Brett
25 Ex. 13 ¶¶ 2, 4; Ex. 14, ¶ 2. (Neither Agent Mendez, nor Agent Brett
26 is a defendant). No agent at the Indio Border Patrol Station is
27 authorized to accept service of process on behalf of a Border Patrol
28 Agent sued individually. Ex. 14, ¶ 5.

B. SUMMARY OF ARGUMENT

Fed. R. Civ. P. 4 contains explicit directions for service of process, which must be completed within 120 days of filing a suit. That period was extended here from February 26 to May 12, 2008. Despite this lengthy extension, Plaintiff did not serve the agency Defendants until May 19, 2008 and still has not served the individual Defendants. Exs. 6-9, ¶ 2. Dismissal is proper. Plaintiff did not meet the service deadline, nor does the case meet strict Ninth Circuit criteria for a further extension to effect service. Furthermore, sovereign immunity bars suit against the agency Defendants.

II

ARGUMENT

A. SERVICE IS DEFICIENT UNDER FED. R. CIV. P. 4

1. *Service and Jurisdiction*

A federal court is without personal jurisdiction over a defendant unless the defendant has been properly served. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended on other grounds, 807 F.2d 1514 (1987). The Ninth Circuit requires "substantial compliance" with service requirements. Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). Simply knowing about the lawsuit is insufficient. Id.

2. *Manner of Service on Federal Agencies and Individual Officers*

Fed. R. Civ. P. 4 sets out explicit requirements for serving federal agencies and officers of the United States in their individual capacities. Rule 4 provides in pertinent part:

**(c) Service.**

    (1) ***In General.*** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) ....

. . . .

    **(i)   Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

    (1) ***United States***.  To serve the United States, a party must:

        (A)(i) <u>deliver a copy of the summons and of the complaint to the United States attorney</u> for the district in which the action is brought -- or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk -- <u>or</u>

        (ii) <u>send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office</u>;

        (B) <u>send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.</u> ....

    (2) ***Agency....***  To serve a United States agency...a party must serve the United States and also send a copy of the summons and the complaint ... to the agency....

    (3) ***Officer or Employee Sued Individually.***  To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer is also sued in an official capacity), a party must serve the United States <u>and also serve the officer or employee</u> under Rule 4(e),(f) or (g).

(Bold-face and italics in the original.)

    Thus, to serve a federal agency: a plaintiff must serve the U.S. Attorney's office and the U.S. Attorney General (which constitutes service on the United States), and must serve the agency by mail.  <u>See</u> Rule 4(i)(2).  To serve an officer of the United States individually: a plaintiff must serve the United States <u>and</u> must serve the individual officer.  <u>See</u> Rule 4(i)(3).

    Rule 4(i)(3) does not provide a method of service on federal officers but instead refers to Rule 4(e), which provides that individuals are to be served in one of four ways: in conformance with state law (Rule 4(e)(1)), by "delivering a copy of the summons and of

the complaint to the individual personally" (Rule 4(e)(2)(A)), by leaving process at a defendant's home with a person of suitable age and discretion (Rule 4(e)(2)(B)), or by delivering process to an authorized agent for service of process (Rule 4(e)(2)(C)).

3. ***Time For Service***

Fed. R. Civ. P. 4(m) provides:

> **(m) Time Limit for Service**. If a defendant is not served <u>within 120 days</u> after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows <u>good cause</u> for the failure, the court must extend the time for service for an appropriate period.

(Emphasis added.) The complaint was filed on October 29, 2007, and the 120-day service deadline expired on February 26, 2008. The Court thereafter extended the period, ordering that "counsel shall ensure the proof of service is filed on or before May 12, 2008." Ex. 4. Accordingly, service was required to be accomplished by May 12, 2008.

4. ***Service Deficiencies: Agency Defendants***

Plaintiff did not effect service on the agency Defendants until May 19, 2008, when the Attorney General was served. Ex. 12; see Rule 4(i)(2). Service was thus outside the 120-day period of 4(m), as extended to May 12, 2008.

5. ***Service Deficiencies: Officer Defendants***

Plaintiff has not served the individual Defendants in accordance with Fed. R. Civ. P. 4. From the Declarations of BPA Ortega and Supervisor Brett (Exhibits 13 and 14), it appears that a process server brought four copies of the summons[4] and complaint to Agent

---

[4] The summonses themselves were defective. Rather than state to whom they were directed, the "To" section is simply left blank.
(continued...)

1  Ortega at the Indio Border Patrol Station and asked that the documents
2  be delivered to Supervisory Border Patrol Agent Mendez, who in turn
3  gave the documents to Supervisor Brett. Id.

4      This service is not allowed under any provision of Rule 4(e).
5  First, this was not effective service under state law (see Rule
6  4(e)(1)). The primary method of service in California is personal
7  service. Cal. Code Civ. Proc. § 415.10. "Personal service" means
8  actual delivery of the papers to the defendant in person. Sternbeck
9  v. Buck, 148 Cal.App.2d 829, 832 (1957). All methods of service other
10 than personal delivery are "substituted service." Bonita Packing Co.
11 V. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal. 1995). Substituted
12 service includes service at the work-place. Cal. Code Civ. Proc.
13 § 415.20(b). Before substituted service may be used, however,
14 personal service must have been diligently attempted. Id.; Bonita
15 Packing Co., 165 F.R.D. at 613. Generally, "two or three attempts at
16 personal service" are required to satisfy the requirement of
17 diligence. Id., quoting Bein v. Brechtel-Jochim Group, Inc., 6
18 Cal.App.4th 1387, 1391 (1992). Substituted service must be followed
19 up by mail service "to the person to be served" at the place where
20 process was left. Cal. Code Civ. Proc. § 415.20(b). There is no
21 evidence that Plaintiff satisfied the requirements for substituted
22 service. See Exs. 6-9 (in which Defendants declare that they are not
23 aware of any attempt at personal service and that they were never
24 served by mail at their place of work).
25 //
26
27
---
[4]/(...continued)
28 See Ex. 14 and attached summons. Fed. R. Civ. P. 4(a)(1)(B) requires a summons to state whom it is directed to.

Furthermore, service of process at the work-place, on someone other than the defendant, does not comply with the service options under Fed. R. Civ. P. 4(e)(2)(A)-(C). In this regard, the Ninth Circuit has held flatly that leaving process at a federal employee's work-place does "not suffice to establish jurisdiction over them as individuals." Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). "[W]here money damages are sought through a Bivens claim, personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a defendant in his capacity as an individual." Id.[5/] The failure to serve the agents in the manner prescribed by the Federal Rules deprives the Court of in personam jurisdiction. Id.; Benny, 799 F.2d at 492.

B. DISMISSAL IS PROPER UNDER FED. R. CIV. P. 4(m)

Plaintiff failed to effect service within this Court's extension, to May 12, 2008, of the original 120-day 4(m) period. Rule 4(m) provides for an extension of time to serve if good cause is shown:

> If a defendant is not served within 120 days after the complaint is filed, the court... must dismiss...or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(Emphasis added). Good cause cannot be shown in this case.

1. ***Good Cause Requirement***

To show good cause under Rule 4(m), a plaintiff must show "excusable" error, not just "inadvertence." In re Sheehan, 253 F.3d

---

[5/] Daly-Murphy construed former Fed. R. Civ. P. 4(d)(1), providing for personal service on individuals by means of delivery. Fed. R. Civ. P. 4(e)(2)(A)-(C) now embodies the substance of old Rule 4(d)(1). Daly-Murphy thus remains good authority that service at a federal employee's work-place is ineffective (unless plaintiff complies with all the requisites for substituted service under state law, which he did not in this case).

507, 512 (9th Cir. 2001); see Puett v. Blanford, 912 F.2d 270, 276 (9th Cir. 1990) (pro se prisoner's diligent efforts to have U.S. Marshal effect service showed good cause); Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (dictum that good cause may be shown where defendant evades service; "inadvertence" of counsel insufficient).

Ninth Circuit cases clarify that "good cause" is not shown by counsel's scheduling difficulties or calendaring errors, by the illness or error of counsel's staff, by lack of resources, by failure to obtain a defendant's address, or by failure to read and understand Rule 4's service requirements. Sheehan, 253 F.3d at 512 (service effected six days after expiration of 120-day period; counsel's busy schedule and secretary's illness not good cause); Fimbres v. United States, 833 F.2d 138, 139 (9th Cir. 1987) (service effected 160 days after filing complaint: plaintiff's lack of resources not good cause for serving 40-days late); Townsel v. County of Contra Costa, California, 820 F.2d 319, 320 (9th Cir. 1987) (counsel's ignorance of 120-day requirement not good cause); Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987) (failure to serve the United States Attorney General due to secretarial error not good cause); Reynolds v. United States, 782 F.2d 837, 838 (9th Cir. 1986) (counsel's "fail[ure] to read the Rules of Civil Procedure" not good cause); U.S. For Use and Benefit of DeLoss v. Kenner General, 764 F.2d 707, 710 (9th Cir. 1985) (failure to serve until 90 days after expiration of 120-day period; good cause not shown by "half-hearted" efforts to obtain defendant's address); Wei v. Hawaii, 763 F.2d at 372 (calendaring error not good cause).[6]

---

[6] Counsel's explanation in this case (that he mistakenly thought ("the case was out for service") appears to show "inadvertence," not

(continued...)

#### 2. *Actual Notice Requirement*

To "bring [an] excuse to the level of good cause," the Ninth Circuit has required a showing that the defendant received timely actual notice of suit. Sheehan, 253 F.3d at 512 and n.5 (party served six days beyond 120-day limit; good cause could not be shown when party did not have actual notice of suit, which "could not be presumed ... merely because the complaint was served on [the party's] attorney"); see Boudette v. Barnett, 923 F.2d 754, 756 (9th Cir. 1991) (dictum); Hart, 817 F.2d at 80 (dictum); Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984) (pre-Rule 4(j) case considering pro se plaintiff's technical service defect -- serving U.S. Attorney by mail instead of personally as then required -- where plaintiff properly served the agency defendant).[7]

#### 3. *Neither Good Cause Nor Timely Actual Notice Can Be Shown*

It seems most likely that Plaintiff or his process server was simply oblivious to Rule 4's service provisions, even after the Court extended the time for service.[8] Plaintiff apparently did not attempt

---

[6](...continued)
good cause. Fimbres, 833 F.2d at 139; Hart, 817 F.2d at 81; Wei, 763 F.2d at 372.

[7] Rule 4(j), the predecessor to Rule 4(m), was added to the Federal Rules in 1983. Navy, Marshall & Gordon v. U.S. International Dev. Agency, 557 F. Supp. 484, 490 n.7 (D.D.C. 1983). Borzeka, a 1984 decision, did not mention Rule 4(j) and held that "a technical defect in service" might be excused if a plaintiff had "a justifiable excuse" for the deficiency and showed that defendant had actual notice of the suit, that defendant would "suffer no prejudice...and [that] plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka, 739 F.2d at 447. The Ninth Circuit merged the Borzeka factors into Rule 4(j)-4(m)'s good cause requirement in Hart, Boudette and Sheehan.

[8] Rule 4 emphasizes the requirements for service on federal agencies, and for service on federal officers sued individually, with bold-face, italicized headings, which would be hard to miss, even
(continued...)

any service before the Court called the deficiency to Plaintiff's attention in its order of April 4, 2008. Thereafter, the Court extended the 120-day service period until May 12, 2008. Notwithstanding this lengthy extension, Plaintiff failed to complete service on the agency Defendants until May 19, 2008, when the Attorney General was served. This was <u>six days after</u> the deadline set by the Court. See <u>Sheehan</u>, 253 F.3d at 512 (6-day delay not excused by good cause under Rule 4(m)); <u>Boudette</u>, 923 F.2d at 755 n.2 (9th Cir. 1990) ("service after the 120-day period is irrelevant in deciding whether to dismiss under Fed. R. Civ. P. 4(j)").

The service deficiency on the four individual Defendants is even more glaring. Rule 4 does not allow substituted service at the workplace, other than in conformity with state law requirements which were not observed here. Plaintiff simply had someone bring summonses (which were improperly left blank as to whom they were directed) and complaints to the Indio Border Patrol Station and hand them to an agent.

Good cause is not shown by an inadvertent failure to follow Rule 4, let alone by ignorance of the Rule's requirements. <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988) (<u>pro se</u> plaintiff's ignorance of Rule 4 not good cause); <u>Townsel</u>, 820 F.2d at 320 (counsel's ignorance of 120-day period not good cause). Moreover, "'reliance on a ... process server is an insufficient basis to constitute good cause for failure to timely serve and is also an insufficient basis for granting an extension of time to effect

---

[8]/(...continued) during a cursory review. Moreover, the Court's April 4, 2008 Order referred explicitly to the requirement of service "<u>in conformance with Federal Rules of Civil Procedure Rule 4</u>." (Emphasis added.)

service.'" Bloomfield v. County of Imperial, 2008 WL 45795, *4 (S.D. Cal. Jan. 2, 2008), quoting Petrucelli v. Bohringer, 46 F.3d 1298, 1307 (3d Cir. 1995). This follows from the principle that more than inadvertence is necessary to show good cause. Fimbres, 833 F.2d at 139; Hart, 817 F.2d at 81; Wei, 763 F.2d at 372.

Even if Plaintiff otherwise could show good cause, neither the agency Defendants, nor the individual officer Defendants, had timely actual notice of suit, let alone notice within the 120-day 4(m) period which expired on February 26, 2008. See Exs. 4, 6-9 (agency counsel notified May 8, 2008; individual Defendants notified on or after May 8, 2008). The Ninth Circuit has held that actual notice six days beyond the 120-day period was insufficient to establish good cause under Rule 4(m). Sheehan, 253 F.3d at 512 and n.5. A fortiori, actual notice 72 days or more beyond the 120-day service period negates good cause in this case.

### 4. *Discretionary Extension*

Rule 4(m) also allows extension of the 120-day service period, when warranted, in the exercise of discretion.

> Courts have discretion under Rule 4(m), absent a showing of good cause to extend the time for service or to dismiss the action without prejudice. Although the rule does not contain the discretionary term "may," it requires that, absent good cause, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m).

Sheehan, 253 F.3d at 513 (citation omitted). In determining whether to grant a discretionary extension, courts have considered "the length of the delay," and whether a "reasonable explanation" has been offered for the failure to serve. See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). Also "a district court may consider factors 'like

a ... limitations bar, prejudice to the defendant, actual notice of a lawsuit and eventual service." Id.; compare Sheehan, 253 F.3d at 513 ("[w]e have not addressed what factors a court should consider when deciding to exercise its discretion under Rule 4(m)").

In Efaw, the court reversed a discretionary extension in view of a seven-year delay in service, the absence of a reasonable explanation for the delay, the fact plaintiff had counsel, and the fact that the memories of witnesses had faded. Efaw, 473 F.3d at 1041. Even when the service delay is brief, the failure to make a diligent effort to serve militates against a discretionary extension. Sheehan affirmed a refusal to give a discretionary extension where the service delay was only six days, but counsel could only point to his busy schedule and his secretary's illness as an excuse. Sheehan, 253 F.3d at 513 ("the facts of this case clearly do not mandate the exercise of discretion").

The factors recognized in Efaw and Sheehan weigh heavily against a discretionary extension in this case. First, the service delay in this case is substantial: after eight months, service has still not been effected on the individual agents. Second, the Court granted Plaintiff one previous, lengthy extension, yet Plaintiff failed to accomplish service. Third, no plausible reason exists why service could not have been timely effected had Plaintiff acted diligently. Fourth, the delay may well have resulted in the dimming of memories. Fifth, Plaintiff waited until the last day of the applicable limitations period to file this action. Although a dismissal will leave the case time-barred, that is due to Plaintiff's failure to file //

suit promptly, not due to any fault of Defendants.[9] Sixth, neither the agency nor the individual officer Defendants had actual notice of suit until months after the expiration of the 120-day service period.

A discretionary extension of the service period cannot be appropriate when it would reward indifference to the strict service obligations of Fed. R. Civ. P. 4. As stated therein, the "<u>plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)</u>." Fed. R. Civ. P. 4(c)(i) (emphasis added). Plaintiff disregarded that responsibility, and hence dismissal is proper.[10]

C. <u>SUIT AGAINST THE AGENCY DEFENDANTS IS BARRED IN ANY EVENT</u>

The United States, as sovereign, is immune from suit absent consent to be sued. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976); <u>Hill v. United States</u>, 571 F.2d 1098, 1101 (9th Cir. 1978). The right to sue the United States can be acquired only from the specific consent of Congress and the terms of consent narrowly define a district court's jurisdiction. <u>United States v. Sherwood</u>, 312 U.S. 584, 586-87 (1941); <u>Thompson v. United States</u>, 592 F.2d 1104, 1107 (9th Cir. 1979). Similarly, it is "well established that federal agencies are not subject to suit <u>eo nomine</u> unless so authorized by Congress in

---

[9] Rule 4(m) states that a dismissal thereunder is "without prejudice." A dismissal without prejudice leaves a plaintiff in the "same procedural posture that it would have occupied had it never brought a claim...." <u>Vasquez v. North County Transit District</u>, 292 F.3d 1049, 1061 (9th Cir. 2002). Since the two-year limitations period has now expired, Plaintiff's claim could not be re-filed. <u>See</u> note 3, <u>supra</u>.

[10] The individual Defendants raise and preserve the defense of qualified immunity. <u>See</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

1  'explicit language.'"  <u>Midwest Growers Co-op Corp. v. Kirkemo</u>, 533
2  F.2d 455, 465 (9th Cir. 1976) (citation omitted); <u>City of Whittier v.</u>
3  <u>U.S. Dept. of Justice</u>, 598 F.2d 561, 562 (9th Cir. 1979).
4       Congress has not enacted legislation allowing damage actions
5  against the Department of Homeland Security (DHS) or the United States
6  Border Patrol (USBP).  Furthermore, "a <u>Bivens</u> type cause of action"
7  is not cognizable against federal agencies such as DHS or USBP.
8  <u>Federal Deposit Insurance Corp. v. Meyer</u>, 510 U.S. 471, 484, 486
9  (1994); <u>Bruns v. National Credit Union Administration</u>, 122 F.3d 1251,
10 1255 (9th Cir. 1997).  Accordingly, Plaintiff's claim against DHS and
11 USBP must be dismissed.

                                    III

                                 CONCLUSION

     For the foregoing reasons, Plaintiff's complaint should be dismissed.

     DATED: June 25, 2008

                                    Respectfully submitted,

                                    KAREN P. HEWITT
                                    United States Attorney

                                    s/ Richard Tolles
                                    Assistant U.S. Attorney
                                    E-Mail: Richard.Tolles@usdoj.gov
                                    Attorneys for Federal Defendants