**RALPH R. RIOS, ESQ. 80585**
**RIOS & ASSOCIATES**
**36 W. Colorado Blvd. Suite 301**
**Pasadena, CA 91105**
**Telephone: (626) 583-1100**
**Facsimile: (626) 583-1475**

Attorneys for PLAINTIFF,
GUADALUPE FELIX

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GUADALUPE FELIX,

Plaintiff,

v.

UNITED STATES BORDER PATROL; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BORDER PATROL AGENT; MICHAEL ALLEN; BORDER PATROL AGENT STEPHEN STIPINSKI; UNITED STATES BORDER PATROL AGENT JOHN JAREQUI; BORDER PATROL AGENT JOSE ORTIZ AND DOES 1-10,

Defendants.

CASE NO: 07cv2058 LAB(LSP)

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

[Fed. R. Civ. P. 4 and 12]

DATE : September 2, 2008
TIME : 11:15 a.m.
CTRM : 9

Honorable Larry Alan Burns, District Court Judge

**TO THE HONORABLE COURT** and Defendants UNITED STATES BORDER PATROL; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BORDER PATROL AGENT; MICHAEL ALLEN; BORDER PATROL AGENT STEPHEN STIPINSKI; UNITED STATES BORDER PATROL AGENT JOHN JAREQUI; BORDER PATROL AGENT JOSE ORTIZ , and Karen Hewitt and Richard

Tolles, of the U.S. Attorney's Office, their Attorneys of Record herein:

COMES NOW Plaintiff **GUADALUPE FELIX** , and submits his Opposition to the Motion for Dismissal filed by Defendants as follows:

This opposition is made on the following grounds:

1. Plaintiff's Complaint should not be dismissed; Defendants are not immune from suit.
2. Plaintiffs' service of process was sufficient and was not deficient.
3. The facts as admitted to by Defendants create substantial compliance with service of process requirements under the Federal Rules of Civil Procedure

The present opposition is based on the following Memorandum of Legal Points and Authorities, the attached Declaration of Ralph M. Rios, the attached Declaration of Miriam Espinosa, the related exhibits filed concurrently herewith, the pleadings and prior orders in this case, and any oral and documentary evidence this court may allow in the hearing of this matter.

Respectfully submitted,
RIOS & ASSOCIATES

DATED: August 19, 2008 BY: ______________________________
Ralph M. Rios
Attorneys for Plaintiffs

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....4

I. INTRODUCTION....6

II. DEFENDANTS' CONTENTIONS....6

III. QUESTIONS PRESENTED....6

IV. FACTS....7

V. RULE INVOLVED....8

VI. ARGUMENT....11

A. Defendants were given notice of the lawsuit against them.

B. Alternatively, Rather Than Dismiss This Case, The Court Should Extend The Time For Service And Direct U.S. Marshals To Effect Service.

VII. CLAIMS AGAINST DEFENDANTS ARE NOT BARRED....17

VIII. CONCLUSION....18

# TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) | 17, 18 |
| *Bordeaux v. Lynch*, 958 F. Supp. 77, 84 & n.6 (N.D.N.Y. 1997) | 18 |
| *Borzeka v. Heckler*, 739 F2d 444, 446 (9th Cir 1984) | 11 |
| *Davis v. Passinan*, 442 U.S. 228, 243-49 (1979) | 18 |
| *Geller v. Newell*, 602 F. Supp. 501, 502 (S.D.N.Y. 1984) (citing 1982 U.S. Code Cong. & Admin. News 4434, 4442) | 15 |
| *Gibson v. United States*, 781 F.2d 1334, 1341- 42 (9th Cir.1986) | 18 |
| *Hagmeyer v. United States Department of Treasury*, 647 F. Supp. 1300 (D.D.C. 1986) | 12, 13, 14, 15 |
| *Lugar v. Ethnzendson Oil Co.*, 457 U.S. 922, 937 (1982) | 17 |
| *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993) | 15 |

Statutes

42 U.S.C. §§ 1983 and 1988 6, 17

Treatise

J. Moore, Moore's Federal Practice § 4.83 16

Rules

Fed. R. Civ. P. 4 6, 7, 8, 11, 12, 13,14

Fed. R. Civ. P. 4(m) 6, 8, 14, 15, 19

Fed. R. Civ. P. 12(b)(1)(2)(4)(5) 6, 19

Fed. R. Civ. P. 4(e), (f), or (g). 9

Fed. R. Civ. P. 4(i)(2) 10

Fed. R. Civ. P. (4)(i)(3) 10

Fed. R. Civ. P. 4(f) or 4(j)(1). 10

Fed. R. Civ. P. 4(c), (i) and (m) 10

Fed R Civ P 4(d)(5) 11

Fed. R. Civ. P. 4(c)(3) 17

**MEMORANDUM OF LAW**

## I. INTRODUCTION

On October 29, 2005, Plaintiff GUADALUPE FELIX was shot a total of 19 times by U.S. Border Patrol agents. On October 29, 2007, Plaintiff filed the instant complaint pursuant to 42 U.S.C. §§ 1983 and 1988 alleging a violation of his constitutional rights against the Department of Homeland Security, the United States Border Patrol and four of its agents, Michael Allen, Stephen Stipinski, John Jarequi and Jose Ortiz.

## II. DEFENDANTS' CONTENTIONS

Defendants argue in support of their motion to dismiss:

A) Defendant Border Patrol Agents Allen, Stipinski, Jarequi and Ortiz were not served with process and were not served within the time limits prescribed under FRCP 4(m) and 12(b)(1)(2)(4)(5).

B) Defendants Department of Homeland Security and United States Border Patrol are immune from suit.

Defendants arguments are wrong. In arguing that they have not "properly" been served, Defendants ignore the purpose of Fed. R. Civ. P. 4 and instead erroneously focus on the technical specifications of the rule. That approach has been rejected by this Court, and is contrary to modern federal practice.

## III. QUESTIONS PRESENTED

1. Whether defendant border patrol agents have been served with summons and

complaint in substantial compliance with the requirements of FRCP 4.

2 Whether the Department of Homeland Security and its agency the United States Border Patrol are immune from suit.

**IV.FACTS**

1. On April 28, 2008 the summons and complaint were served in person on the United States Attorney's Office for the Southern District of California in San Diego California. (See Plaintiff's exhibit A, copy of Proof of Service and Defendant's exhibit 12, Declaration of Mary Wiggins.)

2. On May 8, 2008, defendants Michael Allen, Stephen Stipinski, John Jarequi and Jose Ortiz were informed by their counsel of the lawsuit against them. (See plaintiff's exhibit G, copies of defense exhibits 6 through 9, declarations of Allen, Stipinslki, Jarequi and Ortiz.)

3. On May 13, 2008, The U.S. Attorney General in Washington D.C. was served with copies of the summons and complaint by certified mail. (See Plaintiff's exhibit B, copies of Proof of Service, return receipt dated May 19, 2008, and Defense exhibit 10 and 11 copies of Proof of Service.)

4. On May 27, 2008, Supervisory U.S. Border Patrol Agent Ramiro Mendez agreed to accept service of process on behalf of the four individual defendants, Michael Allen, Stephen Stipinski, John Jarequi and Jose Ortiz. On the same day Proserve Process Service was retained to serve Allen, Stipinski, Jarequi and Ortiz. ( See, Plaintiff's exhibit C, Declaration of Miriam Espinosa. and Exhibit D, copy

of letter to Proserve.)

5. On June 2, 2008, U. S. Border Patrol agent Gary Ortega was working the reception area at the Indio California station and accepted four copies of the summons and complaint. He agreed to deliver the copies to Agent Mendez. (See Plaintiff's exhibit E, copy of Defendant's exhibit 13, Declaration of Gary Ortega.)

6. On June 3, 2008, Agent Ramiro Mendez delivered the four copies of the summons and complaint to Field Operations Supervisor William Brett. (See Plaintiff's Exhibit F, copy of Defendant's exhibit 14, Declaration of Gary Ortega.)

## V. RULE INVOLVED

At all times relevant to this action, Rule 4 Summons, of the Federal Rules of Civil Procedure provides in relevant part:

**(c) Service .**

(1) A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by rule 4 (m) and must furnish the necessary copies to the person who makes service.

* * * * *

**(i) Serving the United States, and Its Agencies, Corporations, Officers or Employees.**

**(1) United States**

To serve the United States, a party must:

(A)

      (i) deliver a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the the court clerk - or

      (ii) send a copy of each by registered or certified mail addressed to the civil process clerk at the office of the United States attorney;

      (B) send a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

      (C) if the action challenges an order of a nonparty agency or officer of the United States send a copy of each by registered or certified mail to the officer or agency.

**(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.**

      To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the officer, agency, corporation or employee.

**(3) Officer or Employee Sued Individually.**

      To serve a United States Officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party

must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**(4) Extending Time**

The court must allow a party a reasonable time to cure its failure to :

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

(B) serve the United States under rule (4)(i)(3), if the party has served the United States officer or employee.

* * * * *

**(m) Time Limit for Service.**

If the defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(c), (i) and (m).

///

///

## VI. ARGUMENT

### A. Defendants were given notice of the lawsuit against them.

The primary function of the service of process rules is to bring prompt notice of the commencement of an action to a defendant's attention. Defendants Michael Allen, Stephen Stipinski, John Jarequi and Jose Ortiz have unquestionably received such notice. In fact, Defendants admit they received such notice at least as early as May 8, 2008, when they were informed by their counsel that they were named as defendants in this lawsuit. Still, defendants complain that service on them was technically defective and therefore the action against them should be dismissed. Their arguments distort the law on service of process, and have been rejected in this Court's prior rulings. As such, their motion must respectfully be denied.

Similarly, a plaintiff's failure to comply with technical rules governing service of process does not necessarily require dismissal of the plaintiff's claims [see *Borzeka v. Heckler* (9th Or 1984) 739 F2d 444, 446 (involving pro se plaintiff)]. For example, dismissal for a plaintiff's failure to comply with personal service requirements on an officer or agency of the United States under Fed R Civ P 4(d)(5) is inappropriate if (1) the party to be served received actual notice; (2) the defendant suffers no prejudice from the defect in service; (3) there is a justifiable excuse for the failure to properly serve; and (4) the plaintiff would be severely prejudiced if his or her complaint were dismissed [*Borzeka v. Heckler* (9th Or 1984) 739 F2d 444, 447].

Based on the law in this jurisdiction, service of process has been effected on

defendant border patrol agents. The Court's reasoning in *Hagmeyer v. United States Department of Treasury*, 647 F. Supp. 1300 (D.D.C. 1986) is directly on point. In *Hagmeyer*, defendants argued that the Court lacked personal jurisdiction over them because they were not served in a manner prescribed by Rule 4. *Id.* at 1303. According to the defendants, "unauthorized persons" had accepted the summons and complaint on their behalf and, in addition, process was received at their "offices," rather than their "dwelling places." *Id.* The Court rejected these arguments and stated that the "primary function" of Rule 4 is to bring notice of an action to the defendant's attention. The federal courts, including this Court, construe Rule 4 liberally to achieve that goal:

> 'The primary function of [Fed. R. Civ. P. 4] is to provide the mechanisms for bringing *notice of the commencement of an action* to defendant's attention . . . In general, the 'attitude of the federal courts is that the provisions of <u>Rule 4 should be liberally construed</u> (footnote omitted) in the interest of doing substantial justice and that the propriety of service in each case should turn on its own facts within the limits of the flexibility provided by the Rule itself.' (Citations omitted.) <u>This attitude, which is shared by this Court, is consistent with the modern conception of service of process as primarily a notice-giving device</u>.

*Id.* at 1303 (italics in original) (emphasis added).

The Court held that even though service on the particular defendants did not conform precisely to the specifications contained in Rule 4, the defendants were nevertheless subject to the Court's jurisdiction:

> The fact that service as to these particular defendants did not conform precisely to the specifications contained in Rule 4 does not cause the Court to draw a different conclusion in view of the circumstances surrounding this case. <u>All four defendants received prompt notice of the pending suit at their respective places of employment</u>. While it may be true that unauthorized persons signed [some] of the service notices, the Court feels certain that the service of the summonses and complaints was brought promptly to the defendants' attentions. . . . Accordingly, the Court finds that it can exercise personal jurisdiction over all four defendants.

As in *Hagmeyer,* defendants in this case also received prompt notice of the pending suit at their place of employment. As early as April 28, 2008, the U.S. Attorney's office was served in San Diego. On May 8 2008, they received actual notice of the lawsuit from their own counsel. On June 2, 2008, a professional process server delivered the summons and Complaint for defendants Michael Allen, Stephen Stipinski, John Jarequi and Jose Ortiz at their place of employment. *(See* Plaintiff's Exhibits E.) Border Patrol Agent Gary Ortega received the documents and left them on Supervisory Border Patrol Agent Ramiro Mendez' desk. Upon receipt of the documents, Mr. Mendez delivered them to Field Operations Supervisor William Bret, but <u>prior to this on May 8, 2008 defense counsel had already notified Allen, Stipinski Jarequi and Ortiz by e-mail that they were defendants in the lawsuit.</u> On May 7, 2008, defense counsel Assistant U.S. Attorney Richard Tolles mailed the lawsuit to counsel for the U.S. Border Patrol and faxed same on May 8, 2008.(See plaintiff's exhibit H, defense exhibit

5, declaration of Richard Tolles.) Thus, as in *Hagmeyer*, service upon Defendant U.S. Border Patrol Agents has been lawfully effected and they are therefore subject to this Court's jurisdiction.

The United States Court of Appeals ("D.C. Circuit") has stated conclusively that the purpose of Fed. R. Civ. P. 4 is to ensure that a defendant receives actual notice that a lawsuit is pending against him. To that end, it advocates that the provisions of Rule 4 be liberally construed, not technically interpreted as defendants argue. Following those guidelines, that Court has ruled, in circumstances almost identical to these, that even when service on a defendant does not conform precisely to the technical requirements of Rule 4, service is effected and the defendant is subject to the Court's jurisdiction where prompt notice of the suit was received at his place of employment. The result is the same even if an unauthorized person received and signed for the service, as long as the summons and complaint were brought promptly to the defendant's attention. Defendants' arguments distort the law on service of process and nullify the Court's rulings. As such, their motion must respectfully be denied.

**B.     Alternatively, Rather Than Dismiss This Case, The Court Should Extend The Time For Service And Direct U.S. Marshals To Effect Service.**

In the unlikely event this Court determines that Defendants have not been effectively served, rather than dismiss this matter without prejudice, the Court should extend the time for service and direct U.S. Marshals to effect service on defendants. Under the law, an extension should be granted when, as here, Plaintiffs have made a

reasonable effort to serve process on Defendants. Indeed, in this case, the facts not only establish good cause for an extension, they demonstrate that a permissive extension is warranted even if good cause is not established to the Court's satisfaction. "[I]f the plaintiff shows good cause for the failure [to serve a defendant within 120 days after filing the complaint], the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). In fact, "[w]here the plaintiff has made a reasonable effort to serve [the] defendant, Congress intended that the 120 day deadline be extended." *Geller v. Newell,* 602 F. Supp. 501, 502 (S.D.N.Y. 1984) (citing 1982 U.S. Code Cong. & Admin. News 4434, 4442).

Plaintiffs have plainly established good cause. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (good cause shown where there were two attempts to serve defendants, defendants had actual notice of the lawsuit and were represented by counsel, and defendants delayed responding to the complaint); *cf. Hagmeyer*, 647 F. Supp. at 1303-04. Other federal court rulings also indicate that good cause has been shown under the facts of this case.

In addition, courts have discretion to extend the time for service even where good cause is not shown:

> Courts have been accorded discretion to enlarge the 120 day period of time for service of process 'even if there is no good cause shown.' (Citations omitted). Thus, when considering failure to timely effect service, the court must first inquire whether a plaintiff has established good cause for the failure. 'If good cause is

> shown, the court shall extend the time for service for an appropriate period.' (Footnote omitted) If, however, good cause does not exist, the court may, at its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time. (Citations omitted). Thus, absent a showing of good cause, a court must still consider whether a permissive extension of time is warranted.

J. Moore, Moore's Federal Practice § 4.83 (1998) (emphasis added).

Good cause has easily been established here because, *inter alia*, Plaintiffs effectively served Defendants at their place of employment and because of their refusal to acknowledge service. Based on Plaintiffs' good faith efforts to serve defendants, they have in fact received actual notice of the Summons and Complaint on at least one occasion since the commencement of this lawsuit. Indeed, Defendants themselves have acknowledged actual receipt of notice of the Complaint against them. They have corresponded via e-mail with their counsel with respect to the complaint. Since Congress intended that the 120- day deadline be extended where reasonable efforts to serve a defendant have been made, the Court should grant Plaintiffs' request for an extension in this case.

Even if the Court does not find good cause for an extension, based upon the facts of this case, a permissive extension of time certainly is warranted. Any delay in attempting to serve defendants was occasioned by Plaintiffs' belief, based on representations made by Supervisory Border Patrol Agent Ramiro Mendez, that he would

accept service of process for defendants, that defendants had therefore effectively been served with process at their place of employment. Given direct case precedent, which conforms almost precisely with the facts in this case, Plaintiff was justified in his belief, and thus a permissive extension is warranted.

If the Court does extend the time of service for good cause, Plaintiffs also request that the Court direct U.S. Marshals to effect service of process on Defendants. Fed. R. Civ. P. 4(c)(3) states that "At the plaintiff's request . . . the court may order that service be made by a United States marshal, or deputy marshal, or by a person specially appointed by the court." *Id.* Actual personal service directly upon the four individual U.S. Border Patrol Agents by a United States Marshal may be the only way to resolve this issue without causing enormous undue additional delay and expense to the Court and Plaintiffs

**VII. CLAIMS AGAINST DEFENDANTS ARE NOT BARRED**

A. Plaintiff Has Constitutional Claims Against the Defendants Under 42 USC 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*.

For a private party to be liable under § 1983, his or her conduct must be "fairly attributable" to the state. *Lugar v. Ethnzendson Oil Co.*, 457 U.S. 922, 937 (1982). To meet this test, the deprivation must ultimately be caused by "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Ibid. In addition, the party charged with the deprivation must be someone "who may fairly be said to be a state actor," because he or she (1) is a state official; (2) "has acted together with or obtained significant aide from

state officials"; or (3) has acted in a way"otherwise chargeable to the State." Ibid. The extent of state involvement in the action is a question of fact Id. at 939.

Federal agents may be personally liable for constitutional violations under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and its progeny. A *Bivens* claim lies against individual federal agents and officials who violate the plaintiffs constitutional rights, under the color of law of the United States. See generally *Bivens*, 403 U.S. 388. See, e.g., *Bordeaux v. Lynch,* 958 F. Supp. 77, 84 & n.6 (N.D.N.Y. 1997) (treating § 1983 claims for violation of the Fourth Amendment as properly pleaded under *Bivens*). Federal courts have recognized a *Bivens* action for damages for violations of the First Amendment (*Gibson v. United States*, 781 F.2d 1334, 1341- 42 (9th Cir.1986)), the Fourth Amendment (*Bivens*, 403 U.S. at 397), and the Due Process Clause of the Fifth Amendment, including its equal protection component (*Davis v. Passinan,* 442 U.S. 228, 243-49 (1979)). "Having concluded that petitioner's complaint states a cause of action under the Fourth Amendment, *supra*, at 390-395, we hold that petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." *Id.* At 397.

**VII. CONCLUSION**

For the reasons set forth herein, Plaintiff GUADALUPE FELIX requests that this Court deny the motion of the federal Defendants to dismiss this action pursuant to Federal

///

///

///

Rules of Civil Procedure, rule 4(m), and 12(b) (1), (2), (4) and (5).

Dated: August 19, 2008

RIOS & ASSOCIATES
Attorneys at Law

By: ______________________
RALPH M. RIOS
Attorneys for Plaintiff,
GUADALUPE FELIX

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

- 19 -

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 36 W. Colorado Blvd. Suite 301, Pasadena California 91105.

On August 19, 2008 I served the foregoing document(s) described as: **Plaintiffs' Memorandum in Opposition to Motion to Dismiss; Exhibit A-H** upon the interested parties in this action by placing the true copies thereof enclosed sealed in envelopes addressed to the following persons:

Richard Tolles, Esq.
Assistant to United States Attorney
Federal Office Building
880 Front Street Room 6293
San Diego, CA 92101-8893

**BY MAIL**

X I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

**BY FACSIMILE SERVICE**

___ BY FACSIMILE: caused such document to be transmitted via facsimile to the offices of the addressee(s). Rule 2000(3)

Executed on August 19, 2008, at Los Angeles, California.

FEDERAL

__x __I declare under penally of peijury under the laws of the United States of America that the above is true and correct.

Miriam Espinosa

Signature