```
 1  KAREN P. HEWITT
    United States Attorney
 2  RICHARD TOLLES
    Assistant U.S. Attorney
 3  California State Bar No. 078948
    U.S. Attorney's Office
 4  Federal Office Building
    880 Front Street, Room 6293
 5  San Diego, California 92101-8893
    Telephone:  (619) 557-7479
 6
    Attorneys for Federal Defendants
 7
                      UNITED STATES DISTRICT COURT
 8
                    SOUTHERN DISTRICT OF CALIFORNIA
 9
10  GUADALUPE FELIX,              )  Case No. 07cv2058 LAB(LSP)
                                  )
11             Plaintiff,         )
                                  )  REPLY MEMORANDUM OF POINTS AND
12       v.                       )  AUTHORITIES IN SUPPORT OF
                                  )  MOTION TO DISMISS
13  UNITED STATES BORDER PATROL,  )
    et al.,                       )  DATE: September 2, 2008
14                                )  TIME: 11:15 a.m.
               Defendants.        )  CTRM: 9
15  _____)
```

I

INTRODUCTION

This reply memorandum supports a motion to dismiss under Fed. R. Civ. P. 4(m) by four U.S. Border Patrol agents whom Plaintiff sues individually, and by co-defendants Department of Homeland Security and the U.S. Border Patrol.

A.   SUMMARY OF THE BASES FOR DISMISSAL

Suit was filed on October 29, 2007. Under Fed. R. Civ. P. 4(m), service of process was required within 120 days of filing the complaint, or by February 26, 2008. Rule 4(m) mandates dismissal of suits in which service has not been perfected within 120 days, with extensions to be granted when good cause has been shown or when circumstances warrant a discretionary extension.

By April 2008, no returns of service had been filed and, after an order to show cause, the Court ordered service to be accomplished by May 12, 2008. On June 2, 2008, three weeks after the expiration of the extended service period, process was delivered to the Indio Border Patrol Station reception area where it was left with an agent who is not a defendant. Def. Ex 13. As shown in Defendants' opening brief, this service did not comply with Rule 4 because it 1) was three weeks late and 2) did not constitute personal service under Rule 4(e)(2)(A) or service under state law pursuant to Rule 4(e)(1). See Defendants' opening brief (Def. Br.) at 7-8. Under Rule 4(m), dismissal is now mandatory absent a showing of good cause for an additional extension of time for service, or alternatively, justification for a discretionary extension.

Plaintiff did complete service on the DHS and Border Patrol, but not until May 19, 2008, which was seven days after the expiration of the Court's service deadline. Dismissal of the agency Defendants is required because service was late and because suit against them is barred by sovereign immunity. See Def. Br. at 14-15.

B.   PLAINTIFF'S CONTENTIONS

Plaintiff contends that the individual Defendants were twice notified of suit. Plaintiff's opposition brief (Pl. Opp.) at 11-14. First, on May 8, 2008, Border Patrol counsel sent an email to the individual Defendants which stated that the Defendants had been sued. See Def. Exs. 6-9. Second, a process server left process with a non-defendant agent at the Indio Border Patrol Station, as mentioned above. See Def. Ex. 13. According to Plaintiff, this notice of suit satisfied Rule 4. Pl. Opp. at 11-12.

1    Alternatively, Plaintiff contends that attempting to serve the
2 individuals at work justifies a further extension of time to
3 accomplish service. Pl. Opp. at 14-17.  Finally, Plaintiff contends
4 that the agency Defendants may be sued under 42 U.S.C. § 1983
5 notwithstanding sovereign immunity.  Pl. Opp. at 17-18.
6    C.   SUMMARY OF ARGUMENT
7    Under Ninth Circuit law, notice is not a substitute for proper
8 service under Rule 4.  Furthermore, service attempts after the
9 expiration of the 4(m) period, or an extension thereof, do not excuse
10 a failure to serve in a timely manner.  Ninth Circuit precedent also
11 holds that ignorance of Rule 4, which seems to be involved here, does
12 not justify an extension of the service period.  As regards the agency
13 Defendants, Plaintiff offers no explanation for belated service and
14 points to no waiver of sovereign immunity.  Dismissal of this case
15 therefore is proper under Rule 4(m) and, as to the agency Defendants,
16 on the ground of sovereign immunity.

17                              II

18                           ARGUMENT

19   A.   THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED UNDER RULE 4(M)
20        1.   NOTICE OF SUIT DOES NOT CONSTITUTE SERVICE
21    Defendants' declarations establish that they have not been
22 served, have not seen the summons or complaint and have not been
23 advised of the claims made against them. Def. Exs. 6-9.  Plaintiff
24 does not contend to the contrary but argues that bare notice of suit
25 is sufficient under Rule 4.  Pl. Opp. at 13.  This is inconsistent
26 with Rule 4's explicit command that a summons and complaint be served
27 on the defendant (Rule 4(c)(1)) and at odds with Ninth Circuit
28 precedent.

1    Plaintiff relies on a single district court case from outside
2 this circuit for the proposition that notice of suit may excuse the
3 need for actual service.  See Hagmeyer v. United States Department of
4 Treasury, 647 F. Supp. 1300 (D.D.C. 1986).  Hagmeyer was a Bivens
5 case in which the plaintiff mailed process to the defendants' offices.
6 Id. at 1303-04.  Defendants protested that "unauthorized persons
7 accepted and signed the mail for three of the individual defendants."
8 Id. at 1303.  The court held the attempt at service sufficient,
9 stating that the "Court feels certain that the service of the summons
10 and complaints was promptly brought to the defendants' attentions
11 (sic)."  Id. at 1304.

12    To the degree Hagmeyer holds that notice, rather than service,
13 suffices under Rule 4, it does not reflect the Ninth Circuit law.  The
14 Ninth Circuit has held that:

> [d]efendants **must be served** in accordance with Rule 4...of
> the Federal Rules of Civil Procedure, or there is no
> personal jurisdiction.  Rule 4...provides that defendants
> must be personally served or served in compliance with
> alternatives listed....  Neither actual notice, nor simply
> naming the person in the caption of the compliant, will
> subject defendants to personal jurisdiction if service was
> not made in **substantial compliance** with Rule 4....

20 Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) (emphasis
21 added; citations omitted); accord Benny v. Pipes, 799 F.2d 489, 492
22 (9th Cir. 1986).

23    In view of Jackson and Benny, service, not notice of suit, is
24 required under Rule 4 in this Circuit.  Furthermore, Ninth Circuit
25 precedent forecloses any contention that leaving process at a federal
26 employee's place of work amounts to "substantial compliance" with
27 Rule 4.
28 //

> [S]ervice at a defendant's place of employment is insufficient.... [W]here money damages are sought through a Bivens claim, personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a defendant in his capacity as an individual....
>
> [S]erving the defendants at the Medical Center....did not suffice to establish jurisdiction over them as individuals.

Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987).[1] Nor does leaving process at a federal employee's office constitute service under Rule 4's state law service alternative (Rule 4(e)(1)), and Plaintiff makes no such claim. See Def. Br. at 7.[2]

## 2. BELATED ATTEMPTS AT SERVICE ARE IRRELEVANT

Plaintiff's contention that the Defendants were effectively served also fails because, under Rule 4(m), late service is by its very nature defective service. This is clear from Boudette v. Barnette, 923 F.3d 754, 755 n.2 (9th Cir. 1991) in which a pro se

---

[1] Plaintiff cites Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984) for the proposition that compliance with Rule 4's technical requirements may be unnecessary. Pl. Opp. at 11. Borzeka was an official capacity Social Security benefits case in which the plaintiff pro se served the U.S. Attorney by certified mail rather than by delivery, as then required by Rule 4. Borzeka held that such a technical defect may be excused. In contrast, this is a Bivens suit against individual federal officers. Plaintiff is represented by counsel, and counsel belatedly had process delivered to a third party at the Defendants' work place – which is plainly not allowed by Ninth Circuit law. This is not a case with a technical service deficiency. Rather, this case involves a complete failure to accomplish service in accordance with Rule 4.

[2] The legal papers delivered to the Indio Border Patrol Station were left with Agent Ortega, who directed them to Agent Ramirez, who passed them on to Field Operations Supervisor Brett (none of whom are defendants). Def. Exs. 13-14. Plaintiff's counsel's assistant states that in a telephone call Agent Mendez agreed to accept service of process for the agents. Pl. Ex. C. Agent Mendez categorically denies any such representation. Def. Ex. 15, ¶5 (attached hereto). He furthermore declares that he had no such authority, which is confirmed by his supervisor, and not disputed by Plaintiff. Def. Exs. 14-15. Accordingly, it is clear that service was not accomplished under Rule 4(e)(2)(C) (providing for delivery of process to an authorized agent for service of process).

1  plaintiff pointed to the fact that he had correctly served process
2  after the expiration of the 120-day service period. The <u>Boudette</u>
3  court held that "service after the 120-day period is irrelevant in
4  deciding whether to dismiss under Rule 4(j)" (now Rule 4(m)).
5  <u>Boudette</u> relied on <u>Fimbres v. United States</u>, 833 F.2d 138, 139 (9th
6  Cir. 1987), which affirmed dismissal of an action in which the
7  defendant was served, but only after expiration of the period for
8  service. <u>Boudette</u>, 923 F.2d at 755 n.2.

9      Here, Plaintiff bases his argument that notice equals service on
10 a service attempt in June 2008, three weeks after the expiration of
11 the May 2008 service deadline set by this Court. Ninth Circuit
12 precedent forecloses this contention.

13                 3.   <u>A FURTHER EXTENSION IS NOT WARRANTED</u>

14     Plaintiff contends that this Court must grant an additional
15 period for service of process because Plaintiff made a "reasonable
16 effort to serve process on Defendants." Pl. Opp. 14-15. In this
17 regard, Plaintiff correctly states the Rule 4(m) requires an extension
18 if "good cause" is shown. <u>Id.</u> at 15. However, Plaintiff is incorrect
19 in asserting that the record shows good cause. <u>Id.</u>

20     Defendants' opening brief (at page 9) cited seven Ninth Circuit
21 cases in which the court refused a "good cause" extension under Rule
22 4(m): <u>In re Sheehan</u>, 253 F.3d 507, 512 (9th Cir. 2001); <u>Fimbres v.</u>
23 <u>United States</u>, 833 F.2d 138, 139 (9th Cir. 1987); <u>Townsel v. County</u>
24 <u>of Contra Costa, California</u>, 820 F.2d 319, 320 (9th Cir. 1987) <u>Hart</u>
25 <u>v. United States</u>, 817 F.2d 78, 80-81 (9th Cir. 1987); <u>Reynolds v.</u>
26 <u>United States</u>, 782 F.2d 837, 838 (9th Cir. 1986)); <u>U.S. For Use and</u>
27 <u>Benefit of DeLoss v. Kenner General</u>, 764 F.2d 707, 710 (9th Cir.
28 1985); <u>Wei v. Hawaii</u>, 763 F.2d 370, 372 (9th Cir. 1985). In these

cases, neither scheduling difficulties, calendaring errors, illness or error of counsel's staff, lack of resources, failure to obtain a defendant's address, or failure to read and understand Rule 4's service requirements constituted good cause.

Plaintiff submits that belatedly leaving process at the Defendant's work-place, which the Ninth Circuit disapproved in <u>Daly-Murphy v. Winston</u>, 837 F.2d at 355, shows good cause. Pl. Opp. at 16. This amounts to arguing that ignorance of the law amounts to good cause, a proposition which the Ninth Circuit rejected in <u>Townsel</u>, 820 F.2d at 320 (counsel's ignorance of 120-day requirement not good cause) and <u>Reynolds</u>, 782 F.2d at 838 (counsel's "fail[ure] to read the Rules of Civil Procedure" not good cause).

Furthermore, to show good cause, a plaintiff must show that defendant had actual notice of suit within the original 120-day period of Rule 4(m). <u>See</u> <u>Sheehan</u>, 253 F.3d at 512 (requiring actual notice and holding the requirement not met when defendant was served six days after the expiration of the 120-day period). Here, it is undisputed that when the 120-day period expired on February 26, 2008, Defendants had no notice of suit. Def. Exs. 6-9.

Rule 4(m) also allows for discretionary extension of the 120-day period. <u>Sheehan</u>, 253 F.3d at 513  Plaintiff's request for a discretionary extension (Pl. Opp. at 16) should be rejected as neither supported by precedent, nor warranted under the circumstances. In <u>Sheehan</u>, the Ninth Circuit affirmed a refusal to give a discretionary extension where the service delay was only six days, counsel had scheduling issues and his secretary was ill. <u>Sheehan</u>, 253 F.3d at 513 ("[t]he facts of this case clearly do not mandate the exercise of
 //

discretion..."). The excuse in Sheehan, while not accepted, at least made sense. Plaintiff's excuse in this case makes no sense at all.

Plaintiff asserts that "[a]ny delay in attempting to serve defendants was occasioned by Plaintiffs' (sic) belief, based on representations made by Supervisory Border Patrol Agent Ramiro Mendez, that he would accept process for defendants...." Pl. Opp. at 16-17. In fact, the deadline for service, as extended by this Court, expired on May 12, 2008. Plaintiff did not speak to Agent Mendez until May 27, 2008, **two weeks** after the deadline had passed. See Pl. Ex. C; Def. Ex. 15. Accordingly, Plaintiff's failure to effect service cannot be attributed to Border Patrol, much less to any named Defendant.

Furthermore, the record in this case shows no semblance of diligence. Counsel never claims to have looked at Fed. R. Civ. P. 4, never claims to have attempted service within the 120-day period that expired in February 2008, never claims to have requested an extension from the Court prior to the Court issuing an OSC, and never claims to have attempted service within the extended period which expired on May 12, 2008. Sheehan refused a discretionary extension sought because of illness and a busy schedule. The record here simply shows indifference to Rule 4, which hardly justifies a discretionary extension. For all the foregoing reasons, dismissal of the individual Defendants under Rule 4(m) is proper.

B. THE AGENCY DEFENDANTS MUST BE DISMISSED

Plaintiff completed service on the agency Defendants on May 19, 2008, seven days after the expiration of the Rule 4(m) period, as extended to May 12, 2008. Plaintiff offers no explanation for the delay, and hence good cause has not been shown for a further extension

of time to serve these Defendants. Furthermore, Plaintiff fails to cite any case which suggests, much less holds, that Congress has waived sovereign immunity of the Department of Homeland Security and the Border Patrol to suit for damages.[3/] Accordingly, suit cannot be maintained against the agency Defendants.

## III

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed.

DATED: August 22, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Richard Tolles
Assistant U.S. Attorney
E-Mail: Richard.Tolles@usdoj.gov
Attorneys for Federal Defendants

---

[3/] "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983); see Blue v. Widnall, 162 F.3d 541, 544 (9th Cir. 1998). Furthermore, 42 U.S.C. § 1983 supplies no jurisdictional basis for suing federal officers or agencies. Daly-Murphy, 837 F.2d at 355.

```
 1
                          UNITED STATES DISTRICT COURT
 2
                         SOUTHERN DISTRICT OF CALIFORNIA
 3
    GUADALUPE FELIX,                    )  Case No. 07cv2058 LAB(LSP)
 4                                      )
              Plaintiff,                )
 5                                      )  CERTIFICATE OF SERVICE BY
         v.                             )  ELECTRONIC FILING
 6                                      )
    UNITED STATES BORDER PATROL,        )
 7  et al.,                             )  DATE: September 2, 2008
                                        )  TIME: 11:15 a.m.
 8            Defendants.               )  CTRM: 9
                                        )
 9
         IT IS HEREBY CERTIFIED THAT:
10
         I, Richard Tolles, am a citizen of the United States over the age
11  of eighteen years and a resident of San Diego County, California; and

12       On August 22, 2008, I caused to be served by electronic mail, in
    the above-entitled action:
13
         REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
14       TO DISMISS (dated 08/22/08); and,

15       TABLE OF CONTENTS FOR EXHIBIT IN SUPPORT OF REPLY MEMORANDUM OF
         POINTS AND AUTHORITIES AND MOTION TO DISMISS (dated 08/22/08);
16       EXHIBIT 15 TO REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
         SUPPORT OF MOTION TO DISMISS.
17
    addressed to:
18
    Ralph R. Rios, Esq. rmr@rrios.law.com
19

20
         I declare under penalty of perjury that the foregoing is true and
21  correct.

22       Executed on August 22, 2008.

23
                                             s/ Richard Tolles
24                                           Email: richard.tolles@usdoj.gov

25

26

27

28
```